QUINN, Respondent, v. STOUT, Appellant.

1. A compliance with technical rules of pleading is not required in actions before justices of the peace.
2. A statement filed with a justice of the peace in the following form: " A. B. to C. D., Dr. To one horse sold him on the 2d day of November last—$90. St. Louis, February 1, 1858," is sufficient.
3. Where a horse is sold conditionally, to be returned in the event the vendee should be dissatisfied with him on trial, the sale will become absolute by the vendee's keeping the horse beyond a reasonable time.

*Appeal from St. Louis Law Commissioner's Court.*

This was an action commenced before a justice of the peace to recover the price of a horse. The statement filed with the justice was as follows: " B. F. Stout to Patrick

Quinn, Dr. To one horse sold him on the 2d day of November last—$90. St. Louis, February 1, 1858." The justice rendered judgment for plaintiff. An appeal was taken to the law commissioner's court. The defendant's objection to the sufficiency of the statement was overruled. It appeared in evidence that defendant Stout was engaged in selling oysters, butter, fish, &c. ; that plaintiff brought the horse to defendant's place of business ; that defendant asked plaintiff if that was the horse ; that plaintiff said it was ; that defendant asked the price, and plaintiff said ninety dollars ; that defendant said if any thing happened to the horse he would pay for him ; that defendant had him in possession from November 2d, 1857, to February following. There was evidence introduced with a view to show that the defendant in selling oysters was acting as the agent of Platte & Co. ; that a few days before this suit was brought plaintiff inquired of a person in the employ of defendant whether defendant was talking about keeping or buying the horse. The defendant, after the commencement of the suit, offered to deliver the horse to plaintiff. The plaintiff refused to receive him.

*Shreve*, for appellant.

I. No statement of an account was filed, and no statement of a cause of action. The testimony will not warrant the conclusion that defendant was to try the horse and if he suited defendant was to pay for him. He agreed if any accident happened to the horse, he would pay for him ninety dollars. Nothing was said about how long defendant should keep the horse to try him. The horse did not suit him. He offered to return the horse. Plaintiff refused to accept. The evidence shows that the horse was bought for Platte & Co. The court erred in refusing the instructions asked.

*Crane*, for respondent.

I. The statement was sufficient. The transaction was a contract of sale or return. The purchaser in such case must make his election in a reasonable time. If the property is retained an unreasonable time the vendor is at liberty to treat

the sale as absolute. (Hilliard on Sales, ch. 5, § 4 ; Long on Sales, ch. 3, § 17.) The defendant kept the horse three months, using him constantly in his business. This time was unreasonable. (Neato v. Ball, 2 East, 112.) There is no proof that defendant bought or took the horse for Platte & Co.

EWING, Judge, delivered the opinion of the court.

The objection to the account is not well taken. All that the statute requires on this subject is, that when the suit is on account a bill of the items shall be filed with the justice ; or, if not founded on an account or an instrument of writing, a statement of the cause of action must be filed with the justice before process issues. The paper filed in this case contains every thing necessary to show intelligibly the nature and particulars of the demand, and indeed it is fuller and more formal than accounts that have been held sufficient by this court. It is not perceived what more is necessary to satisfy the statute than a statement of the property sold, the price, dates, and the parties and the transaction ; whereas in this case the cause of action or account is for property sold and delivered. None of the formality or technical nicety of pleading is required in actions before a justice of the peace ; and it is enough if the nature of the transaction and the particulars of the claim appear.

There was nothing in the facts to warrant the first and third instructions. The hypothesis of both was inconsistent with the transaction, which the evidence tended to prove. The second instruction related to an immaterial matter.

The evidence tended to prove a conditional sale of the horse ; that he was taken on trial, no time being fixed for his return in the event of dissatisfaction ; that he was taken into possession by Stout early in November, and used in harness about his business for a period of three months ; that, if he was dissatisfied with the performance of the horse, the fact was never communicated to Quinn ; and that there was no offer to return him until about the 1st of February. Under

. this state of facts, the fourth instruction was well refused. It does not appear to have been a condition of the sale that if the horse was found unsuited for a particular purpose Quinn should take him back.    But if such had been the understanding, the length of time he was kept gave ample opportunity to test his fitness for service; and there being no offer to return him until after three months' trial, shows that there could have been no objection on this ground.

The instruction given by the court was a proper declaration of the law on the question of agency in lieu of those asked by the defendant.    Whether the defendant was the agent of Platte & Co. and as such purchased the horse, or whether plaintiff had any knowledge of such agency or not, were questions of fact passed upon by the court sitting as a jury.    Judgment affirmed.