PRIOR N. NORTON, Respondent, v. HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Appellant.

1. *Railroad — Damages, action for before justice of peace — Averments in.*— In an action against a railroad company, under section 43, chapter 63, Gen. Stat. 1865, before a court of record, for damages to stock, it should appear among other things that the stock strayed on the road through defects of cattle-guards at a road-crossing, or in consequence of the absence of fences which the railroad company was bound to build. But in such action before a justice of the peace, the statement will be sufficient if it advise the opposite party of the nature of the claim, and be sufficiently specific to make the judgment a bar to another suit, although it fail to set forth the averments above mentioned.

*Appeal from Caldwell County Circuit Court.*

*Hall & Oliver*, for appellant.

The original paper filed with the justice fails to be " a statement of facts constituting the cause of action," as expressly required where the suit is not founded on an account or instrument of writing. Neither the statement nor the amended statement sets forth the facts necessary to entitle plaintiff to double damages under the statute. There is no allegation that the cow

in suit got on the track of the railroad in consequence of the failure of defendant to construct or maintain fences or cattle-guards. In cases of this sort, all the circumstances essential to support the action should be alleged, or appear in substance on the face of the statement. (45 Mo. 371.) Our statute is express that the damage for which double damage may be given should be occasioned by the failure to construct or maintain fences or cattle-guards. (Wagn. Stat. 310–11, § 43.)

*Richardson*, and *Vories & Vories*, for respondent.

BLISS, Judge, delivered the opinion of the court.

The plaintiff brought suit before a justice of the peace, and filed the following as his "statement of facts constituting the cause of action," as required by the statute. "Plaintiff states that defendant, by its agents, engine and cars, on the 6th day of April, 1869, on its road, about one mile east of Kidder, in Hamilton township aforesaid, at a point on said road where the same was not fenced by defendant, did strike, bruise, wound and kill a white cow, the property of plaintiff, aged about five years, and worth seventy-five dollars. Plaintiff therefore states that by virtue of the statutes of the State of Missouri, as found in Gen. Stat. 1865, chapter 63, entitled 'Of Railroad Companies,' and especially by the forty-third section of said chapter, pp. 342 and 343, he is entitled to double the amount of seventy-five dollars,' etc. The plaintiff obtained judgment for $75 only, and appealed to the Circuit Court, and there defendant moved to dismiss the case for want of a sufficient statement of facts. The motion was overruled, the plaintiff amended his statement, and obtained judgment for $150, double the damages suffered.

It does not become necessary to consider the amended statement, for if the original was insufficient there was nothing to amend by. That this statement would be insufficient as an original petition in a court of record is very clear, inasmuch as it lacks averments necessary to bring the pleader within the statute. It should appear among other things that the cattle strayed on the road through the defect of cattle-guards at a road-crossing, or

in consequence of the absence of fences which the railroad company was bound to build. (Cecil v. Pacific R.R. Co., 47 Mo. 246.) But we are not to consider what should be averred and proved in a court of record, but what kind of a statement of facts is required by the statute in an action before a justice of the peace. This subject has been frequently before us, and our holding has been uniform. All the averments of an original petition are not required, but the statement will be sufficient if it advise the opposite party of the nature of the claim, and be sufficiently specific to make the judgment a bar to another action. (Iba v. Hann. & St. Jo. R.R. Co., 45 Mo. 469 ; May v. Kloss, 44 Mo. 300 ; Brashears v. Strock, 46 Mo. 221 ; Burt v. Warne, 31 Mo. 296 ; Coughlin v. Lyons, 24 Mo. 533.) Tested by the principles laid down in these decisions, the statement above quoted must be held to be sufficient. It is not possible to mistake the nature of the claim, or, if adjudicated, again to bring suit upon it; and to hold it insufficient would be to require that a statement before a justice of the peace should contain all the material averments necessary in a petition.

The other judges concurring, the judgment will be affirmed.