WILBUR F. WILLIAMS *et al.*, Plaintiffs in Error, *v.* NORTH
MISSOURI RAILROAD COMPANY, Defendant in Error.

1. *Justices' courts — Jurisdiction — Railroads — Contracts of affreightment —
Construction of statute.* — Under the existing laws of this State, justices of
the peace now have jurisdiction over contracts of affreightment made by rail-
road companies to the extent of ninety dollars.

### Error to Macon Circuit Court.

*Williams & Eberman*, for plaintiffs in error.

*John F. Williams*, for defendant in error.

ADAMS, Judge, delivered the opinion of the court.

This suit was commenced before a justice of the peace, on a
contract of affreightment made by the defendant as a common
carrier.    Judgment was rendered by the justice in favor of the
plaintiffs, and the defendant appealed to the Circuit Court, and in
that court filed a motion to dismiss the suit upon the ground that
the justice had no jurisdiction over the defendant on contracts of
affreightment.    This motion was sustained by the Circuit Court
and the suit dismissed, and the plaintiff has brought the case here
by writ of error.

The defendant relies on the third section of an act entitled "An
act amendatory of the charter of the North Missouri Railroad
Company," approved February 18, 1865 (Sess. Acts 1865,
p. 89).    That section reads. as follows : " Sec. 3. 'That justices
of the peace shall have jurisdiction to the same extent over this
company, in all actions of trespass for killing stock, which they
now have over natural persons, and they shall have and exercise
no other jurisdiction than as above provided."

In construing this section we must take into consideration the
laws that were in force at the time it was enacted, in order to
ascertain the true intention of the Legislature.    When this section
was enacted the act of 1861, to extend the jurisdiction of justices
of the peace in cases for killing stock, without regard to the value,
was in full force (Sess. Acts 1861, p. 23), and also the general

28—VOL. L.

railroad law of 1855 was in force, section 38 of which provided that " all existing railroad corporations shall be exempt from the jurisdiction of justices' courts, except as in this act and in their own charters provided." (R. C. 1855. p. 430.)

In view of these laws it is evident to my mind that the proper construction of section 3 of the amended charter of defendant is that justices of the peace, in trespass for killing stock, were to have only such jurisdiction, and no other, as they had over natural persons. That section was not intended to exempt them from jurisdiction in any other cases than the trespass cases referred to. There was no necessity for doing this, as it was already exempt by section 38 of the general railroad law above referred to. But this general railroad law was revised in 1865 and is comprehended in the General Statutes of 1865. Section 38 was omitted in the revision of 1865, and was repealed under the general clause repealing all laws that had been revised in 1865.

So justices of the peace now have jurisdiction over contracts of affreightment made by railroad companies to the extent of ninety dollars, and the court erred in dismissing this suit.

Judgment reversed and cause remanded. The other judges concur.