————o————

GERHARD GRAU, Defendant in Error, *vs.* ST. LOUIS, KANSAS CITY AND NORTHERN RAILWAY COMPANY, Plaintiff in Error.

1. *Justices' courts—Railroads—Statement—Jurisdiction—Surplusage.*—In a suit against a railroad before a justice of the peace, the statements filed stated the cause of action and claimed $50 damages, and afterwards asked double damages "in accordance with the statute in such cases made and provided." *Held*, that the request for double damages might be disregarded as surplusage, and that the justice had jurisdiction of the cause.

2. *Railroads—Accidents—Damages by cattle—Statement of cause of action— Double damages—Statute, construction of.*—In a suit for damages by a railroad, it appeared by the allegations and evidence, that one of its trains was wrecked, where the track ran through plaintiff's field; that there was no fence along the track; that the hogs and cattle in the train were necessarily turned into the field in the attempt to extricate them from the wreck ; that they were collected together and driven away, and that while in the fields they damaged the crops. There was no allegation that the damage was caused by the failure of the railroad to construct or maintain fences or cattle-guards, as required by law. *Held*, that in such case the statute (W. S., 310-11, § 43) did not contemplate the allowance of double damages.

*Error to Warren Circuit Court.*

*Woodson & McKeag*, for Plaintiff in Error.

I. The subject matter constituting the cause of action being for injuries to personal property, the justice of the peace had only jurisdiction to the amount of fifty dollars; consequently the case must be dismissed. (W. S., 807, 808, §§ 2, 3 ; Han. & St. Joe. R. R. Co. vs. Mahoney, 42 Mo., 467 ; Webb vs·

Tweedie, 30 Mo., 488; Langham vs. Boggs, 1 Mo., 476; Lindell's Adm'r vs. Han. & St. Joe. R. R. Co., 36 Mo., 543; Voorhees vs. Bank, U. S., 10 Pet., 449.)

II. There is no testimony showing that it was the failure to erect the fence that was the cause of the destruction of the crops. It was the act of turning the cattle into the field, and the destruction of the corn and fodder, that constituted the cause of action, and § 43 (W. S., 310-11) was only intended for cases where stock escapes from, or comes upon, lands, where such fences are not maintained, and § 8 (W. S., 1346) was only intended for cases where there was wantonness in the trespass, but the case at bar, and the evidence of the witness, show, that the trespass was involuntary. (W. S., 814, § 13; Walther vs. Warner, 26 Mo., 143; Marmaduke vs. McMasters, 24 Mo., 51; Franz vs. Hilterbrand, 45 Mo., 121; Engle vs. Jones, 51 Mo., 316.)

*E. A. Lewis,* for Defendant in Error.

I. No objection to the jurisdiction of the justice can be urged in this court. No such objection was raised, either before the justice or in the Circuit Court. (Newton vs. Miller, 49 Mo., 298; Boyse vs. Burt, 34 Mo., 74; Cornelius vs. Grant, 8 Mo., 59; Swearingen vs. Newman, 4 Mo., 456; Alexander vs. Hayden, 2 Mo., 211.) It was not claimed in the court below, that the doubling of the damages effected an excess over the jurisdiction of the justice.

II. There was no error in doubling the damages. (W. S., 310, § 43; Cross vs. U. States, 1 Gallison, 26; Withington vs. Hilderbrand, 1 Mo., 280; Brewster vs. Link, 28 Mo., 147; Ellis vs. Whitlock, 10 Mo., 781.)

VORIES, Judge, delivered the opinion of the court.

This action was brought before a Justice of the Peace to recover for damages charged to have been done to plaintiff's corn and fodder by the conduct of the employees of the defendant while running and operating cars on defendant's railroad.

The cause of action filed with the justice charges, that the defendant is a corporation, &c., and that as such it was on the

16—VOL. LIV.

22d day of Oct., 1872, operating its railroad running through Hickory Grove Township in Warren County; that it was the duty of the defendant, by virtue of the statutes of this State, to erect and maintain fences on the side of said railroad, where the same passed through or adjoined inclosed or cultivated fields, &c.; that on said day plaintiff was the owner and in possession of a cultivated field, through which said road was located for a distance of one-fourth of a mile, that defendant failed and neglected to erect or maintain fences along the side of said road and field as required by law, and that by reason thereof a large number of hogs and steers on the 22d day of October, 1872, were turned into said field of plaintiff by the servants and agents of defendant, and beat down, injured and destroyed the corn and fodder standing and being in said field, by which the plaintiff was damaged in the sum of fifty dollars, for which he asked judgment.

The statement then stated, that, in pursuance of the statute in such case made and provided, he prayed the court to render judgment for double damages, one hundred dollars.

The cause was heard before the justice, where a judgment was rendered in favor of plaintiff for one hundred dollars, double the damages claimed or proved to have been done plaintiff by the injury complained of.

From this judgment the defendant appealed to the Warren Circuit Court, where the case was tried by the court, a jury having been waived by the parties. The evidence given on the trial in the Circuit Court was uncontradictory and showed the following facts: On the 22d of October, 1872, while a train of freight cars was being conducted along defendant's railroad through plaintiff's field, and where the said road was unfenced, it by some accident ran off of the track, and a number of the cars were badly wrecked; that several of the cars were freighted with hogs and cattle; that the hogs and cattle in these wrecked cars necessarily had to be unloaded, that some of them were injured, that the road was so blocked up with wrecked cars, that it was impossible to drive the cattle and hogs, which were being unloaded, along the railroad to

where defendant had stock pens, at Wright City, about one mile distant, consequently, as the hogs and cattle were unloaded, they were turned into and driven through plaintiff's field; that the time occupied in unloading the stock and driving it through plaintiff's field was from forty-five minutes to one hour; that in this time the shocks of corn, belonging to plaintiff and situated in the field, were considerably eaten and tramped down; that the cattle were driven out of the field by the hands and servants of the defendant, as soon as it could conveniently be done after they were extricated from the wrecked cars. It was admitted by the parties, that the evidence justified the finding of the damages done plaintiff to be thirty-five dollars as single damages.

At the close of the evidence, the defendant asked the court to declare the law to be, "that if the cattle and hogs, that destroyed plaintiff's corn and fodder, were cattle and hogs that were in defendant's cars in transit, and, in consequence of a train running off of the track and the cars getting wrecked, the agents and servants of the defendant turned said cattle and hogs into plaintiff's field after getting them extricated from the wreck of said train, and that they had said stock removed as soon as possible out of plaintiff's field, the plaintiff is only entitled to recover the actual amount of damages done to his corn and fodder, and is not entitled to judgment for double damages as is provided for in Wagner's Statutes, 310-11, § 43.

This declaration of law was refused by the court, and the defendant excepted. The court then rendered a judgment in favor of the plaintiff for thirty-five dollars, after which plaintiff moved the court to double the damages and render a judgment therefor. This motion was sustained by the court, and judgment accordingly rendered for seventy dollars.

The defendant in due time filed a motion for a new trial assigning for grounds thereof, that the court had refused proper declarations of law, and that the judgment rendered was against the law of the case. This motion being overruled, the defendant again excepted, and has brought the case to this court by writ of error.

The first question for the consideration of this court presented by the plaintiff in error is, as to the jurisdiction of the Justice of the Peace over this action. It is insisted in this court by the plaintiff in error, that the jurisdiction of the justice was limited to fifty dollars, and that as double damages were claimed by the plaintiff amounting to the sum of one hundred dollars, that the justice had no jurisdiction of the action.

By an examination of the cause of action filed before the justice, it will be seen that the charges therein, which, it is intended, shall constitute the plaintiff's cause of action, are, that the defendant failed and neglected to erect and maintain good or substantial fences along the side of defendant's railroad, where the same passed through plaintiff's field, that by reason of such failure a large number of hogs and steers were turned into said field of plaintiff by the servants and agents of defendant, and beat down, injured, and destroyed the corn and fodder of plaintiff, standing and being in said field, by which the plaintiff was damaged in the sum of fifty dollars, for which he asked judgment.

This is really the whole cause of action as stated by the plaintiff; he only claims to have been damaged in the sum of fifty dollars, and asks for a judgment for that amount. It is true that, after praying for judgment for fifty dollars, the plaintiff proceeds to state that in pursuance of the statute, in such case made and provided, he prays the court to render judgment for double damages, one hundred dollars. This I think may be considered in this case as mere surplusage; the action was really an action for damages in the sum of fifty dollars, and our statute gives justices of the peace concurrent jurisdiction in all actions for injuries to persons or to personal or real property, wherein the damages claimed shall exceed twenty dollars and not exceeding fifty dollars, and under our law as it now stands, and has been construed, Railroad Companies may be sued in such cases before justices of the peace. (Williams vs. N. Mo. R. R. Co., 50 Mo., 433.)

And notwithstanding it has been held by this court, that it is

sufficient in actions brought to recover double damages under the 43rd section, chapter 63, General Statutes, 1865, that the statement advise the opposite party of the nature of the claim, and be sufficiently specific to make the judgment a bar to another action (Norton vs. Han. & St. Joe. R. R. Co., 48 Mo. 387), yet in the present case neither the statement filed with the justice, nor the evidence, would authorize the recovery of double damges. The statement filed with the justice states, that the agents conducting the business of the defendant turned the hogs and steers into plaintiff's field, and the evidence shows, that by an accident, which occurred on the railroad, by which the cars were wrecked at a place where the road adjoined plaintiff's field, it became almost or quite absolutely necessary, in order to extricate the stock from the wrecked cars, to turn them into and drive them through the plaintiff's field, by which the damage was done of which plaintiff complains. There is no pretense, either in the statement filed before the justice, or in the evidence, that the hogs or steers escaped from and came upon said field of plaintiff *by reason of the failure of defendant to construct or maintain such fences or cattle guards* as the law requires.

The statement filed states that the cattle were turned into the field by the agents of the defendant, and the evidence shows, that they were turned in in consequence of a necessity created by an accident over which defendant had no control. It could not have been intended by the legislature, that double damages should be recovered in such a case.

The statute only contemplates cases, where cattle or other animals go upon the lands and inclosed fields of parties in consequence of the failure to fence the same. It is true, that where the cattle do trespass upon fields though which a railroad passes, and where no fences are constructed, it might be a natural inference that they so trespassed in consequence of the failure to fence; but where, as in this case, the circumstances all rebut the idea that they were caused to go on the land from the want of proper fences, and show that they were actually turned into the field for protection, the case does

not come within the contemplation of the statute, and no double damages can be recovered. It therefore follows, that the Circuit Court erred in sustaining plaintiff's motion to render judgment for double the amount of the damages found, and in overruling the declaration of law asked for by the defendant. The judgment rendered by the Circuit Court is therefore reversed, and, inasmuch as it is admitted by the parties in the bill of exceptions, that the court was justified in finding that the actual damages sustained by the plaintiff were thirty-five dollars, judgment will be entered here for the sum of thirty-five dollars, and it is ordered, that the plaintiff be taxed with the costs incurred upon the writ of error up to the rendition of judgment in this court.

The other judges concur.