Razor v. The St. Louis, Iron Mountain & Southern Railway Company, *Appellant*.

1.  **Justices' Courts** : PLEADINGS : CERTAINTY REQUISITE IN. The same completeness requisite to a petition in the circuit court has never been required in an action before a justice of the peace. It is sufficient if the statement in such an action advise the opposite party of the nature of the claim, and be sufficiently specific to be a bar to another action.

    But per SHERWOOD, C. J.: There is no substantial difference in the requirements of the statute between the statement filed before a justice of the peace and a petition in the circuit court. A party sued before a justice is as much entitled to be informed of the ground of recovery sought against him as if sued in the circuit court.

2.  **Railroads** : STATUTORY DUTY TO FENCE. Since the amendment of 1875 to the 43rd section of the railroad law, (Sess. Acts, p. 131,) the

railroad companies have been bound to fence their roads wherever they pass through uninclosed lands, whether prairie or timber.

3. ———: JUSTICES' COURTS: PLEADINGS. The statement filed in this case, (an action under the 43rd section of the railroad law,) before a justice of the peace; *Held*, sufficient to advise the defendant for what he is sued, and, therefore, good.

*Appeal from Madison Circuit Court.*—HON. J. B. ROBINSON, Judge.

AFFIRMED.

*Smith & Krauthoff* with *W. R. Donaldson* for appellant.

*L. H. Alford* for respondent.

NORTON, J.—This is a suit commenced before a justice of the peace, on the following statement: " Plaintiff, for a cause of action, states that the defendant is a corporation duly organized and existing as such by virtue of the general and special laws of Missouri, and that as such corporation, it is the owner of that certain railroad known as the Iron Mountain Railroad, which passes through Castor township in said county ; that as such railroad corporation it was the duty of defendant to erect and maintain lawful fences, gates, cattle-guards and road-crossings on the sides of its said railroad in said township of Castor, where the same passes through, along and adjoining inclosed and cultivated fields and uninclosed lands; that it failed so to erect and maintain said fences, gates, cattle-guards and road-crossings at a point on said railroad in said township of Castor, about between mile posts ——— ———, on or about the 18th day of July, 1876, by reason of which neglect and default, two of the plaintiff's hogs, of the value of $18, strayed at said point, (which was not a public road or road-crossing, nor a street of any town or incorporation,) on the defendant's said railroad, where the same passes through, along or adjoining inclosed or cultivated fields and uninclosed lands, and were negligently and care-

lessly run over and killed by the defendant and the loco-motives, engines and cars, which were then and there negligently and carelessly being run by defendant and its servants and employes—wherefore plaintiff demands double damages for the killing as aforesaid of said (hogs) cattle, to-wit: The sum of $36, as is given by the statute in such cases made and provided," etc. Plaintiff obtained judg-ment before the justice, and on a trial of the cause in the circuit court on defendant's appeal, plaintiff again ob-tained judgment, from which defendant has appealed to this court.

As the record contains no order showing that a bill of exceptions was filed, we can only look to the record proper for discovery of error, and the only error which defend-ant's counsel says it discloses, is that the statement, on which the action is based, is insufficient.

Under the authority of the cases of *Norton v. The Hannibal & St. Joseph R. R. Co.*, 48 Mo. 387, and *Iba v. The Hannibal & St. Joseph R. R. Co.*, 45 Mo. 470, the above statement sufficiently sets forth the cause of action. In these cases it was held that the same completeness requisite to a petition in the circuit court has never been required in "a state-ment of the facts constituting the cause of action" before a justice of the peace. It is sufficient if such statement advise the opposite party of the nature of the claim, and be sufficiently specific to be a bar to another action. Jus-tice's courts are popular tribunals, before which ordinary disputes can be adjusted without the aid of attorneys; and it would defeat the end of their organization if the rules of practice and pleading found necessary in courts of rec-ord were applied to their proceedings. The statute ex-pressly provides that no formal pleading shall be required before justices of the peace.

It is insisted that the above statement is insufficient because it alleges that defendant did not fence its road

1. JUSTICE'S COURTS: pleadings; cer-tainty requisite in.

**2. RAILROADS: statutory duty to fence.** where it passed through or along uninclosed timbered lands, and to sustain this objection we have been cited to several cases decided by this court. These decisions are inapplicable for the reason that they were made on the 43rd section, article 2, chapter 37, Wagner's Statutes, before said section was amended by the Acts of 1875, page 131. The law, as it stood before this amendment, only imposed upon railroad companies the duty of fencing the sides of their roads where they passed through, along or adjoining inclosed or cultivated fields or uninclosed prairie lands. By the amendment of 1875, *supra*, the said companies are required to fence where the road passes through or along or adjoining inclosed or cultivated lands or uninclosed lands. The word "prairie" being stricken out of the section by the amended act, required fences to be erected where the road passes through uninclosed lands whether prairie or timber.

The defendant was advised by the statement that the injury complained of was inflicted in the township where

**3. ——: justices' courts: pleadings.** the suit was brought, thus showing jurisdiction in the justice; also that defendant failed to erect and maintain such a fence as by law it was required to maintain, and that by reason of this neglect and failure the stock sued for strayed on the road and was killed. The object of these statements is to advise the defendant for what he is sued, and that this object is fully accomplished by the statement in this case is clear. This case is distinguishable from the case of *Cunningham v. The Hannibal & St. Joseph R. R. Co.*, 70 Mo. 202, in this, that there there was no averment or anything equivalent to an averment that the injury complained of was occasioned by the failure of the company to erect and maintain fences along the sides of its road. For liberal constructions given to such statements, see *Armstrong v. Keleher*, 71 Mo. 492, and *Cummings v. The St. Louis, Iron Mountain & Southern Ry. Co.*, 70 Mo. 570. Judgment affirmed. All concur, HENRY, J., and SHERWOOD, C. J., concurring in the result.

SHERWOOD, C. J.—I concur in the result, but will say that in my opinion there is no substantial difference in the requirements of the statute between the statement filed before a justice of the peace and a petition filed in the circuit court. In the former case the statute requires " a statement of the facts constituting the cause of action," (Gen. St., 701, § 13,) and in the latter " a plain and concise statement of the facts constituting a cause of action." Gen. St., 658, § 3. A party sued before a justice is as much entitled to be informed of the ground of recovery sought against him as if sued in the circuit court; the legislature of this State were evidently of the same opinion, for so they have commanded.