ESTHER ROSENBURG ET AL., Respondents, **v. J. WILL** BOYD ET AL., Appellants.

December 4, 1883.

JUSTICES OF THE PEACE — STATEMENT. — A statement before a justice that the "defendant is justly indebted to the plaintiff in the sum of $162, for money had and received heretofore, to wit: on the — day of ——, 1882," is not sufficient to support a judgment for the plaintiff.

APPEAL from the St. Louis Circuit Court, HORNER, J. *Reversed and judgment.*

C. M. NAPTON, for the appellants.

MOSES L. WIEDER, for the respondents.

THOMPSON, J., delivered the opinion of the court.

This action was commenced before a justice of the peace, upon the following statement of cause of action: "Plaintiffs state that they are husband and wife, and that defendants is

[sic] justly indebted to them in the sum of one hundred and sixty-two and fifty one-hundredth dollars ($162.50), for money had and received heretofore on the —— day of ——, 1882. Wherefore plaintiffs ask judgment against defendants for the sum of $162.50 with interest and cost of this action.'' The plaintiffs had a judgment before the justice, and the defendants appealed to the circuit court. The cause was tried anew in the circuit court, and the plaintiffs again had a judgment.

The only point which we shall consider is that raised by the defendants' motion in arrest of judgment, that the statement of the cause of action before the justice was not sufficient to support any judgment in favor of the plaintiffs. We are of opinion that this objection is well taken. Objections of this kind have always been regarded with disfavor in the supreme court and in this court; and the rule has always been in this state not to apply the strict rules of pleading to statements of causes of action before justices of the peace, especially where the parties have gone to trial in the circuit court without objection to the introduction of evidence on the ground of insufficiency in such statements. On the contrary, the rule has always been to regard such a statement as sufficient, where, by any fair intendment it identifies the subject-matter of the suit with sufficient certainty to bar another action. *Barbaro* v. *Occidental Grove*, 4 Mo. App. 429; *Smith* v. *Monks*, 55 Mo. 106; *Wood* v. *Railway Co.*, 58 Mo. 109. But the statement in the present case can not by any possible intendment be held to identify the cause of action with sufficient certainty to bar another action on the same demand. It refers to no circumstance of time or place or transaction from which the cause of action might be identified. The sole thing stated is that the defendants are indebted to the plaintiffs — it does not even state which plaintiff — in a certain sum of money, had and received; it does not tell when or from whom it was had and received; it does not in any way

refer to or identify the transaction out of which the cause of action, if any, arose. In fact, we can see nothing in this statement which makes it any more definite than it would have been if it had read, "The plaintiffs state that the defendants are indebted to them in the sum of $162.50, for which they ask judgment." It is merely the statement of an indebtedness, which is a conclusion of law. It is not " a statement of the *account*, or of the *facts* constituting the cause of action upon which the suit is founded," as required by section 2851 of the Revised Statutes. It is not the statement of any fact at all. We regret that we feel obliged to reverse the judgment upon this ground; but liberality in construing such statements must stop before the statute is entirely repealed.

The judgment of the circuit court will accordingly be reversed. The proper judgment will be entered in this court, that the defendants go hence and recover their costs. It is so ordered. All the judges concur.