HILL v. ST. LOUIS ORE & STEEL COMPANY, *Appellant.*

1. **Justice's Court: SUMMONS.** A summons issued by a justice of the peace is defective if it fails to state the nature of the suit. R. S., sec. 2858.

2. ————: **STATEMENT.** A statement in a justice's court held insufficient, in not stating the facts upon which the demand against the defendant for boarding certain persons was founded.

3. **Corporation, Service of Summons on.** A constable's return as to service of process on a corporation held sufficient which recited that he left a copy of the summons "with W. G. Dilts, the book-keeper and agent of the within named defendant at and in the only office of said company in the county of Iron ; said Dilts being in charge of defendant's said office on the seventeenth day of October, 1882, neither the president nor other chief officer of said defendant corporation being found in said county and state."

*Appeal from Iron Circuit Court.*

REVERSED.

*. Bernard Zwart* for appellant.

(1)    The record does not show that either the plaintiff or defendant is a resident of Iron county.    One of the parties must reside in the county to give the justice jurisdiction.    R. S., sec. 2839.    No presumption is indulged in favor of the latter (*McCloon v. Beattie,* 46 Mo. 391), and it must be shown by the whole record. *Brown v. Woody,* 64 Mo. 547 ; *Haggard v. Railroad,* 63 Mo. 303 ; *Matson v. Railroad,* 80 Mo. 229.    (2)    No cause of action is alleged against defendant in the statement. *Gist v. Loring,* 60 Mo. 489 ; *Butts v. Phelps,* 79 Mo. 302.    (3) The summons failed to state the nature of the suit, and was, therefore, defective. *Anthony v.*

*Railroad,* 76 Mo. 18 ; *Brandenburger v. Easley,* 78 Mo. 660. (4) The service of the summons was insufficient. The return failed to show that a copy was left at a business office of defendant with the person having charge thereof. R. S., sec. 748 ; *Hoen v. Railroad,* 64 Mo. 563 ; *Haley v. Railroad,* 80 Mo. 112. (5) A party appearing in court to move to set aside a judgment for irregularity is in court for that purpose only. *Lincoln v. Hilbers,* 36 Mo. 149 ; *Smith v. Rollins,* 25 Mo. 410.

No brief for respondent.

HENRY, C. J. — This suit originated in a justice's court in Iron county, and the statement filed is as follows :

"St. Louis Ore & Steel Company, Dr.
  "To John Hill, board-bill against the following named parties, for the month of August, 1882, to-wit :

| | |
|---|---:|
| Jeff. Riley | $  6 50 |
| Wm. Guthrie | 6 20 |
| Bill Morris | 10 00 |
| Alen Good | 6 50 |
| Alen Good (paid) | 2 80 |
| John Good | 4 50 |
| Bill Morris | 4 00 |
| Total | $ 37 50 " |

Summons issued November 16, 1882, to the constable, commanding him "to summon the St. Louis Ore & Steel Company, etc., to answer the complaint of John Hill, wherein he demands thirty-seven and ninety-hundredths dollars." The constable returned that he executed the writ on defendant "by reading same to, and in the presence and hearing of, W. G. Dilts, secretary and treasurer, at Pilot Knob, of the St. Louis Ore and

Steel Company, and further executed this writ by delivering to said W. G. Dilts a true copy of the within summons.'' On November 27, 1882, defendant not appearing, a judgment by default was rendered in favor of plaintiff, and within ten days thereafter, the defendant appeared before the justice, for that purpose only, and moved to set aside the judgment, which being overruled, defendant duly prosecuted an appeal to the circuit court of the county, by which the constable was permitted to amend his return, which, after amendment, was as follows : '' I hereby certify that I read the within annexed summons in the presence and hearing of, and delivered a true copy thereof to, W. G. Dilts, the book-keeper, and agent of the within named defendant, The St. Louis Ore and Steel Company, at and in the only office of said company in my county of Iron ; said Dilts being in charge of defendant's said office on the seventeenth day of November, 1882, neither the president nor other chief officer of said defendant corporation being found in said county and state.''

At the April term the cause was continued because appellant had given no notice of appeal, and at the October term defendant made no appearance, and there was a trial *de novo*, and plaintiff again had judgment, from which this appeal is prosecuted, and appellant here assigns numerous errors, among them, that the court, instead of dismissing the appeal, or affirming the judgment, ordered a trial *de novo*. The court might have dismissed or affirmed, but we do not see how defendant was prejudiced by the action of the court in that regard.

He also insists that the summons is defective, in not stating the nature of the suit. This is required by section 2858, Revised Statutes, and the process in question does not contain the statement. It merely states that plaintiff demands thirty-seven and ninety hundredths dollars, but whether on a note, or an account, for tres-

pass upon person or property, does not appear. The summons was in this respect defective.

The statement filed with the justice is also insufficient. The facts upon which the demand against the defendant for board of the parties named was based should have been alleged. In *Butts v. Phelps*, 79 Mo. 302, the statement was as follows: "Plaintiff states that defendant is indebted to him in the sum of fifty dollars lawful currency, for which he asks judgment." The court held it insufficient, observing that: "Statements before justices of the peace must advise the opposite party of the nature of the claim, and be sufficiently specific to be a bar to another action." To assume that the statement in the case at bar apprised defendant of the grounds upon which its liability is based, is to take it for granted that defendant owes the plaintiff for the board of those parties, and if, in the case of *Butts v. Phelps, supra*, the defendant owed the plaintiff fifty dollars, it might, with equal propriety, have been assumed that the statement advised him of the nature of the claim.

The appellant also contends that it was not duly served with process. Section 748, so far as it bears upon the question, is as follows: "When any such summons shall be issued against any incorporated company, service on the president or other chief officer of such company, or, in his absence, by leaving a copy thereof at any business office of said company, with the person having charge thereof, shall be deemed a sufficient service." The constable's return upon the summons does not state that he served it "by leaving a copy at a business office of the company with the person having charge thereof"; but that he left the copy with W. G. Dilts, "the book-keeper and agent of the within named defendant at and in the only office of said company in my county of Iron, said Dilts being in charge of defendant's said office on the seventeenth day of November, 1882."

My associates, except Judge Sherwood, think the service sufficient. I think otherwise. The return is to be strictly construed. *Blanton v. Jamison,* 3 Mo. 52. This return does not show that the summons was served "at any business office of the company." The officer seems purposely to have avoided that statement. It bears evidence upon its face that, in the judgment of the officer, the company had no business office in the township, but only an agent; and, not willing to state positively that the company had such an office, the constable states that he left the summons with the agent, "at the only office" the company had there. This was an amended return, made at a time and under circumstances likely to call the attention of the officer to the statute, and yet he would not state in his return that he left the summons at a business office of the defendant, but resorts to circumlocution to avoid that essential statement, and yet gives an appearance to the return of compliance with the law. If such had been the fact it would have required fewer words to state that he left the summons at a business office of the defendant, than are contained in the prolix and equivocal return he made.

For the other errors above noted, the judgment is reversed and the cause remanded. All concur.