JOSEPH WEESE, Respondent, v. HENRY BROWN, Appellant.

Kansas City Court of Appeals, January 9, 1888.

JUSTICES OF THE PEACE—ACTIONS BEFORE—CHARACTER OF STATEMENT REQUIRED.—Statements before justices of the peace must advise the opposite party of the nature of the claim, and be sufficiently specific to be a bar to another action. *Held*, that the statement in this case is insufficient. (PHILIPS, P. J., dissents).

‌APPEAL from Polk Circuit Court, HON. BEN. V. ALTON, Judge.

*Reversed and remanded.*

Certified to Supreme Court upon claim of Philips, P. J., that the opinion is in conflict with the decisions of the Supreme Court.

The case is stated in the opinion.

I. G. RECHOW, for the appellant.

I.   The statement is not sufficient to constitute a cause of action. *Brashears v. Shock*, 46 Mo. 227 ; *Swartz v. Nicholson*, 65 Mo. 508 ; *Butts v. Phelps*, 79 Mo. 302 ; *Razor v. Railroad*, 73 Mo. 471.

II.   But if the statement should be adjudged sufficient, then there is an entire failure of proof. The statement says, " Amount of contract for digging well, $60.00." The proof is that defendant was to pay a certain cow and fifteen dollars. The evidence does not show the value of the cow, or that she was ever demanded. It does not show the reasonable value of the work done, if it be treated as a suit on a *quantum meruit*. *Duncan's Adm'r v. Fisher*, 18 Mo. 403; *Beck v. Ferrara*, 14 Mo. 30. Before the plaintiff could recover a money judgment it devolved upon him to show by the evidence that he demanded the cow and

that defendant refused to deliver, as well as the value of the cow. *Weil v. Tyler,* 38 Mo. 546. The instruction tells the jury if they find plaintiff dug the well and obtained the amount of water, then plaintiff is entitled to recover a money judgment. Even in case it was not necessary to demand the cow, yet the value of the cow would be the measure of plaintiff's recovery, and without this proof there could be no recovery. The only other instruction is as to the credibility of witnesses.

III. The court erred in not sustaining defendant's motion for a new trial, and in arrest, and the judgment ought to be reversed.

No brief for the respondent.

HALL, J.—This suit was begun before a justice of the peace. The statement filed, and on which the case was tried, is as follows :

"1884 Henry Brown, Dr.,

"To Joseph Weese

"To amount due on contract for digging

well ...............................$60.00."

The appellant complained that the statement failed to state a cause of action.

The case of *Hill v. St. Louis Ore & Steel Co.* (90 Mo. 104) originated in a justice's court, the statement filed being as follows :

"St. Louis Ore & Steel Company, Dr.,

To John Hill, board bill against the following named parties, for the month of August, 1882, to-wit .

| | |
|---|---|
| Jeff Riley | $ 6 50 |
| William Guthrie | 6 20 |
| Bill Morris | 10 00 |
| Alen Good | 6 50 |
| Alen Good (paid) | 2 80 |
| John Good | 4 50 |
| Bill Morris | 4 00 |
| Total | $37.50" |

The statement was, after verdict, held insufficient by the Supreme Court.

The court said: "The statement filed with the justice is also insufficient. The facts upon which the demand against the defendant for board of the parties named was based should have been alleged." The court added: "Statements before justices of the peace must advise the opposite party of the nature of the claim, and be sufficiently specific to be a bar to another action." The statement in the present case, tested by the rule laid down by the Supreme Court in the case just cited, is insufficient.

For this reason the judgment is reversed and the cause remanded. Ellison, J., concurs ; Philips, P. J., non-concurs in a separate opinion. And he holds that the majority opinion is in conflict with the decisions of the Supreme Court ; the cause is accordingly ordered to be certified to the Supreme Court.

### SEPARATE OPINION.

PHILIPS, P. J.—I do not concur in holding that the statement filed in this case is insufficient. It has been repeatedly held by the Supreme Court that the same completeness requisite to a petition in the circuit court is not required in a statement of the facts constituting a cause of action before a justice of the peace. As said in *Razor v. Railroad* (73 Mo. 473): "It is sufficient if the statement advise the opposite party of the nature of the claim, and be sufficiently specific to be a bar to another action. Justices' courts are popular tribunals, before which ordinary disputes can be adjusted without the aid of attorneys ; and it would defeat the end of their organization if the rules of practice and pleading found necessary in courts of record were applied to their proceedings. The statute expressly provides that no formal pleadings shall be required before justices of the peace. The statement in this case is quite as formal, if not more specific, than the following statements up-

held as sufficient in the following cases: *Early v. Fleming* (16 Mo. 154) ; *Coughlin v. Lyons* (24 Mo. 533) ; *Holland v. Steamboat* (25 Mo. 58) ; *Quinn v. Stout* (31 Mo. 160) ; *Burt v. Warn* (31 Mo. 471) ; *Armstrong v. Keleher* (71 Mo. 492) ; *Allen v. McMonagle* (77 Mo. 478) ; *Hale v. Vandever* (67 Mo. 732).

As said by Ewing, J., in *Quinn v. Stout* (*supra*), "None of the formality or technical nicety of pleading is required in actions before a justice of the peace; and it is enough if the nature of the transaction and the particulars of the claim appear."

This case is wholly unlike that of *Brashear v. Stock* (46 Mo. 222). There the statement was merely: "M. F. Stock et al. to Richard Brashear, $50.00." There was no statement in this case whatever to indicate out of what the cause of action originated. So in *Butts v. Phelps* (79 Mo. 302), the statement only alleged: "Plaintiff states that defendant is indebted to him in the sum of fifty dollars, lawful currency, for which he asks judgment." As well said by Norton, J., "The statement does not contain an averment of a single fact, but only states a conclusion of law."

The case of *Hill v. St. Louis Ore & Steel Co.* (90 Mo. 103), while it goes further than, in my judgment, the former rulings of the court justify, yet it is quite distinguishable from the case at bar. There the statement on its face showed that the board-bill was "against the following named parties:" It showed on its face that the claim was for boarding other parties than the defendant, and the account was "against" them. There was nothing to show by what right the plaintiff claimed to hold the defendant for the payment of the board-bills of other parties. It would have been otherwise had the account been made out against the defendant for board; for the service having been rendered to the party charged, an implied promise would have arisen on his part to pay for it; but not as to board furnished by the plaintiff to other parties, without an undertaking by him to pay therefor.

But in the case at bar, the statement is: "For amount due on *contract for digging well*, $60." Here is a statement of the amount of the claim, that it was for digging a well, and that it was based on a contract therefor. This contained every requisite of a statement of the cause of action, which has been repeatedly held by the Supreme Court, as shown in the cases above cited, to be sufficient in a justice's court. I am, therefore, of opinion that the majority opinion herein is in conflict with the decisions of the Supreme Court in like cases, and that the question should be certified to the Supreme Court for determination.

I am, however, of opinion that the judgment of the circuit court should be reversed, for the reason that the evidence shows that the contract for digging this well was, that defendant was to pay therefor with a cow and fifteen dollars in money.

There was no evidence given at the trial as to the value of the cow, nor of any demand made therefor before institution of suit. Yet the court directed the jury if they found the contract to exist they should find for plaintiff. Before plaintiff could recover a money judgment for this cow a prior demand and refusal to deliver the cow should have been shown. *Weil v. Taylor*, 38 Mo. 545 ; *State v. Mooney*, 65 Mo. 494–496.