THOMAS NUTTER, Respondent, v. W. T. HOUSTON, Appellant.

Kansas City Court of Appeals, November 19, 1888.

Justice's Court: STATEMENT: CASE ADJUDGED. In a suit before a justice of the peace the statement was as follows: "T. J. Nutter, plaintiff, *vs.* W. T. Houston, defendant. For the service of the season of 1887, two mares, balance $18.00." *Held* to be a simple collocation of words which form no part of a statement, and insufficient under the provisions of section 2851, Revised Statutes.

*Appeal from Cass Circuit Court.*—HON. C. W. SLOAN, Judge.

REVERSED AND REMANDED.

The case is stated in the opinion.

*George Bird*, for the appellant.

The court should have sustained defendant's objection to the introduction of any testimony on the statement because it is insufficient, and the evidence does not support it, neither is it a sufficient "statement of the facts constituting the cause of action." R. S., sec. 2851; *Butts v. Phelps*, 79 Mo. 302; *Watkins v. Donnelly*, 88 Mo. 322, and cases cited; *Rosenburg v. Boyd*, 14 Mo. App. 429; *Weese v. Brown*, 28 Mo. App. 521.

*W. S. Byram* and *O. W. Byram*, for the respondent.

The court did not err in overruling defendant's objection to the introduction of evidence on the statement, which is as follows: "T. J. Nutter, plaintiff, *vs.* W. T. Houston, defendant. For the service of the season of 1887, two mares, balance $18.00." As the action was commenced before a justice of the peace, no formal pleading is required, and as no objection was then made to the statement, it was too late after it had been appealed to the circuit court. The defendant having promised to pay the eighteen dsllars, he was fully apprised of the nature of the action, and account may be treated as account stated. The evidence fully explains the account, and it would be a complete bar to another action for the season of the two mares to the stallion; besides, we think it comes within the requirements of R. S., secs. 2851, 2852; *May, Weil & Co. v. Kloss*, 44 Mo. 300; *Bush & Weissman v. Dupenbeck*, 20 Mo. 568.

RAMSAY, J.—Plaintiff began this suit before J. W. Graham, a justice of the peace of Grand River township in Cass county, Missouri. The statement filed, and on which the case was tried, is as follows: "T. J. Nutter, plaintiff, *vs.* W. T. Houston, defendant. For the service of the season of 1887, two mares, balance, $18.00."

The trial in the justice's court resulted in a judgment for defendant, from which plaintiff appealed to the circuit court of Cass county, where the case was tried before the court, without the intervention of a jury. At the trial defendant's counsel objected to the introduction of any evidence on the ground of the insufficiency of plaintiff's statement. The court, overruling defendant's objection, heard evidence and rendered a judgment for plaintiff. The defendant filed a motion in arrest of judgment, upon the ground, among others, that the statement filed by plaintiff is not sufficient to support a judgment, which was overruled by the court, and the defendant has appealed to this court.

Section 2851, Revised Statutes, 1879, provides that : "No formal pleadings upon the part of either plaintiff or defendant shall be required in a justice's court, but before any process shall be issued in any suit the plaintiff shall file with the justice the instrument sued on, or a statement of the account, or of the facts constituting the cause of action upon which the suit is founded."

While the supreme and appellate courts in this state have been liberal in sustaining defective and meagre statements of facts constituting causes of action in justices' courts, I am unable to find where a simple collocation of words which form no part of a statement has been held sufficient. In *Brashears v. Strock*, 46 Mo. 221, these words ; "M. P. Strock, A. Seibert, H. Garlock, Jesse Hall, John G. Kelley, To Richard Brashears, $50. To fifty dollars," were held to be no statement, not even a slight indication of the facts constituting a cause of action. In speaking of such paper, BLISS, J., said : It "was about as near no statement as could well be made. It gives the names of the parties and the amount claimed, but wholly fails to be a statement of facts constituting the cause of action, as is expressly required when the suit is not founded on account or instrument of writing." It must be conceded that the statement in the case at bar is quite as indefinite.

In *Butts v. Phelps*, 79 Mo. 302, these words: "Plaintiff states that defendant is indebted to him in the sum of fifty dollars lawful currency, for which he asks judgment," were held insufficient.

In *Swartz v. Nicholson*, 65 Mo. 508, these words: "LeRoy, Barton county, Mo., Sept. 19, 1872. S. C. Nicholson debtor to Marion Swartz, fourteen dollars," were held insufficient.

In *Rosenberg v. Boyd*, 14 Mo. App. 429, this statement: " Plaintiffs state that they are husband and wife, and that defendants is (*sic*) justly indebted to them in the sum of one hundred and sixty-two and fifty one-hundredths dollars ($162.50) for money had and received heretofore on the —— day of —— 1882. Whereupon plaintiffs ask judgment against defendants for the sum of $162.50 with interest and costs of this action," was held not sufficient.

In *Weese v. Brown*, 28 Mo. App. 521, this statement: " 1884.   Henry Brown, Dr. to Joseph Weese, to amount due on contract for digging well, $60.00," was held bad and insufficient.

The judgment and purpose of the courts, in the cases cited, have been to avoid an actual repeal of the statute which requires "a statement of the account, or of the facts constituting the cause of action upon which the suit is founded." Liberality in construing such statements should stop short of a total disregard of the statute.

The paper filed with the justice in this suit constituted no statement whatever. For this reason the judgment is reversed and the cause is remanded. All concur.