GEORGE LEAS, Respondent, v. THE PACIFIC EXPRESS COMPANY, Appellant.

**Kansas City Court of Appeals, May 25, 1891.**

Justices' Courts: PLEADING: STATEMENTS: RULE AS TO. Statements before justices of the peace, to be sufficient, must advise the opposite party of the nature of the action, and be sufficiently specific to bar another action; and a statement: "Pacific Express Company, bought of George Leas, one crank shaft for four by six engine, $18. This shaft was shipped C. O. D., to Frank E. Wells, Eufala, Indian Territory, May 31. Broken by Pacific Company," is insufficient, as it does not appear whether it is based on contract or negligence.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED.

*Beebe, Randolph & Watson*, for appellant.

The paper filed with the justice and upon which the cause was tried was wholly insufficient as a statement of plaintiff's cause of action, either in *assumpsit* or tort. *Brashears v. Strock*, 46 Mo. 221; *Swartz v. Nicholson*, 65 Mo. 508; *Butts v. Phelps*, 79 Mo. 302; *Weese v. Brown*, 28 Mo. App. 521; *Nutter v. Houston*, 32 Mo. App. 451; *Hill v. Ore & Steel Co.*, 90 Mo. 104; *Morrow v. Surber*, 97 Mo. 161.

No brief for respondent.

SMITH, P. J.—The plaintiff brought this suit before a justice of the peace on the following statement:

"Telephone 924.

"KANSAS CITY, MISSOURI, June 2, 1886.

"Pacific Express Company,

"Bought of George Leas, Boiler Maker, and Dealer in New and Second-Hand Machinery,

"Corner Delaware Street and Levee.

Leas v. The Pacific Express Co.

"KANSAS CITY, MISSOURI, June 24, 1886.
"1 crank shaft for 4x6 Eng............ ......$18.00.
"This shaft was shipped C. O. D., to Frank E. Wells, Eufala, Indian Territory, May 31.
"Broken by Pacific Company."

The case was subsequently removed by appeal to the circuit court, and, upon a trial anew, the plaintiff had judgment, from which defendant has appealed. The single and only question which we have to decide in the case is, whether the foregoing statement states facts sufficient to constitute a cause of action.

The statute requires that, if the suit is founded on an account, the bill of the items of the account shall be filed, and in all other cases a statement of the facts constituting the cause of action and the amount or sum demanded, shall be filed with the justice. R. S., secs. 2851, 2852. The statement gives the names of the parties and the amount claimed, but wholly fails to indicate, in the faintest degree, the facts constituting the cause of action as is expressly required by the statutory provision just quoted. It falls far short of meeting the statutory requirement if given the most liberal construction. The statements in *Rosenberg v. Boyd*, 14 Mo. App. 429 ; *Weese v. Brown*, 28 Mo. App. 521 ; *Nutter v. Houston*, 32 Mo. App. 451, and in *Hill v. Steel Co.*, 90 Mo. 103, were held insufficient, though they come much nearer stating a cause of action than does the statement under consideration. In *Butts v. Phelps*, 79 Mo. 302, the rule is stated to be that statements before justices of the peace, to be sufficient, must advise the opposite party of the nature of the claim, and be sufficiently specific to be a bar to another action. The statement here, when tested by the above rule, must be condemned as being insufficient. Whether the plaintiff's action, if any he has, is based on contract or negligence, the statement does not advise us.

The judgment will be reversed, and the cause remanded to the circuit court, where the plaintiff, under the provisions of section 6347, Revised Statutes, may, if he so desires, amend his statement. All concur.