W. T. REDMON, Respondent, v. CHICAGO, ROCK
ISLAND & PACIFIC RAILROAD COMPANY,
Appellant.

### Kansas City Court of Appeals, June 3, 1901.

1. **Justices' Courts: STATEMENT: NEGLIGENCE: CONVERSION:
   DAMAGES.** A statement before a justice of the peace set out in
   the opinion, is held insufficient, as one part states no damages and
   does not indicate whether the plaintiff seeks to recover on contract
   or for negligence; and the second part seeks recovery on the ground
   of conversion which is wholly inapplicable on the facts in the case;
   and the damages would be different in actions for negligence and
   conversion.

2. **Common Carriers: CONVERSION: DELIVERY: DAMAGES.**
   Where a carrier delivers the goods at their destination, he is not
   guilty of conversion and the shipper should receive the same and sue
   for negligence or for breach of contract for their injured condition;
   and the measure of damages in either action would be the same.

3. **———: NEGLIGENCE OF CONNECTING CARRIERS: LIABIL-
   ITY: EXEMPTION.** A carrier upon a contract for through delivery
   can not exempt itself from liability for the negligence of connecting
   carriers.

Appeal from Jackson Circuit Court.—*Hon. Edwin A.
Krauthoff,* Special Judge.

REVERSED AND REMANDED.

*McDougal & Sebree* for appellant.

(1) The plaintiff was not entitled to recover. This ac-
tion was for the conversion of the corn, whilst the recovery

Redmon v. C., R. I. & P. Ry. Co.

was for the failure "to stop at El Reno to shell." (2) The measure of plaintiff's damages if any, was the difference, if any, in value in the condition in which the corn arrived and that in which it in fact did arrive at Leander, Texas. Like the difference in market price, at destination, on arrival and when it should have arrived. Faulkner v. Railroad, 51 Mo. 311; Glascock v. Railroad, 69 Mo. 589; Wilson v. Railroad, 66 Mo. App. 388; Gann v. Railroad, 72 Mo. App. 34. (3) At common law the carrier only engages to carry to the end of his own line. Crouch v. Railroad, 42 Mo. App. 248, 249; Minter v. Railroad, 56 Mo. App. 282, 288; Grain & E. Co. v. Railroad, 138 Mo. 658, 699. (4) Section 5222, Revised Statutes 1899, enlarges this rule only where carrier contracts for a through shipment beyond its own line. (5) The bill of lading limits defendant's liability to its own line. Dimmitt v. Railroad, 103 Mo. 433, 443; Minter v. Railroad, 56 Mo. App. 282, 290. (6) Under this statute carrier may so limit his liability. McCann v. Eddy, 133 Mo. 59, 68. (7) Under a similar contract it was held by this court that the carrier had so limited his liability. Bank v. Railroad, 72 Mo. App. 82, 88, 89.

*Meservey, Pierce & German* for respondent.

(1) This suit was instituted before a justice of the peace and all that is required of the plaintiff is that he shall file a statement of the account or of the facts constituting the cause of action upon which the suit is founded. R. S. 1899, sec. 3852; Terti v. Ins. Co., 76 Mo. App. 42; Lakey v. Hoops, 80 Mo. App. 508; Mellier v. Transportation Co., 14 Mo. App. 281; Ferry Co. v. Railroad, 128 Mo. 224, 248. (2) The measure of respondent's damages was correctly stated by the court to be the reasonable market value of the corn on or about

December 30, 1896, not exceeding the amount sued for. Railroad v. Traube, 59 Mo. 355. (3) The bill of lading introduced in evidence, covering the shipment in question, was for a through shipment; and this being so, appellant is liable not only for the loss, damage and injury to the property caused by its negligence, but also the negligence of the A. & N. W. R. R. Co., and it can not escape by an exemption clause in the contract. R. S. 1899, sec. 5222; Loomis v. Railroad, 17 Mo. App. 340; Eckles v. Railroad, 72 Mo. App. 296; Marshall v. Railroad, 74 Mo. App. 81; Popham v. Barnard, 77 Mo. App. 619; Davis v. Southeastern Line, 126 Mo. 69. (4) The agent of the company, under the decisions in this State applied to this case, unquestionably bound the appellant by the bill of lading not only for a through shipment but also to stop the car at El Reno so that the corn might be shelled. Gelvin v. Railroad, 21 Mo. App. 273; Miller v. Railroad, 62 Mo. App. 252; Wilson v. Railroad, 66 Mo. App. 388; Gann v. Railroad, 72 Mo. App. 34; Pruitt v. Railroad, 62 Mo. 527; Harrison v. Railroad, 74 Mo. 364, 370.

BROADDUS, J.—This action was instituted before a justice of the peace in Kansas City. For convenience and a proper understanding of the case, it is necessary to insert a copy of the plaintiff's statement, which is as follows:

"Plaintiff for cause of action states that at all times hereinafter mentioned, defendant was a corporation doing business as a common carrier in Kansas City, Jackson county, Missouri. Plaintiff further states that on the thirtieth day of December, 1896, he delivered to the defendant a car of corn, car No. 2947, initial 'C', and that said defendant received said car of corn and agreed to deliver the same at Leander, Texas, to the order of W. T. Redmon Grain Company, notify Davis & Company, Leander, Texas, and further agreed to stop

at El Reno, Oklahoma to shell, and that said defendant delivered to this plaintiff a bill of lading for the car above described. Plaintiff further states that said defendant did not stop the said car at El Reno, Oklahoma, to shell, but carried it beyond said point and refused to return said car so that the same could be shelled in accordance with its agreement. Plaintiff states that on or about the thirtieth day of December, 1896, he was lawfully possessed as of his own property, of a certain car of corn known as car No. 2947, initial 'C,' which car of corn was then of the value of $75.92, and that afterwards, to-wit, on the thirtieth day of December, 1896, the said goods came into the possession of the said defendant and the said defendant being then in possession of said car of corn, unlawfully converted the same to its own use and disposed of the same, to this plaintiff's damage in the sum of $75.92. Wherefore, plaintiff prays judgment against said defendant in the sum of $75.92," etc.

The cause was tried before the Hon. Edwin A. Krauthoff as special judge. The defendant's counsel objected to the introduction of any evidence "upon the ground that the petition did not state facts sufficient to constitute a cause of action," which objection was overruled, the judge making the following remarks in overruling said objection: "There is no such thing in the practice before a justice of the peace as objecting to a statement because it is not sufficient; and besides, if they agreed to ship a car to a certain point, that would itself make them a common carrier to that point."

The plaintiff's evidence consisted in a bill of lading made by defendant at Round Pond, Oklahoma Territory, dated December 30, 1896, for one car of grain. This car was No. 2947, initial "C". It shows that the car of grain was received from W. T. Redmon Grain Company, to be shipped to Lean-

der, Texas.    On the margin thereof were the following indorsements:

  - "Order:    W. T. Redmon Gr. Co.—One car.

  "Notify Davis & Co., Leander, Tex.

  "Stop at El Reno to shell.—L. L. Knowles, Freight Agent.

  "Indorsed:    Richmond & Swartzel, W. E. Craven.

  "Deliver to W. T. Redmon Grain Co.—W. T. Redmon, by Davis & Co."

There was a draft with this bill of lading for $75.92, which was attached to the bill when the plaintiff received it. He got them from a bank in Kansas City.    He sold the carload of grain to Davis & Co., of Kansas City, and turned the bill of lading and draft over to the purchaser.    This car of corn was afterwards repurchased from Davis & Co. by plaintiff and the bill of lading and draft were returned to him. On January 21, 1897, plaintiff wrote to F. W. Segur, agent of defendant at Kansas City, as follows:

  "Dear sir:    Attached please find B. L. on car No. 2947 C.    This car is billed from Round Pond, O. T., to shipper's order, notify Davis & Co., Leander, Tex., with a plain notation on B. L. to stop at El Reno to shell.    This car has been carried by and is now at Leander in the ear, and parties are refusing to accept it even at a reasonable reduction, and we, therefore, ask that you return this car to shelling point so that it may be shelled and handled in a proper manner, or that you accept this car and give us a check for amount of invoice attached.    Please advise us promptly," etc.    The invoice was in evidence with the bill of lading.

W. C. Staley, commercial agent of the defendant, wrote plaintiff as follows:

  "Herewith I return to you your bill of lading of January 22, 1897, against this company for $75.92; also all other

papers which accompanied it. We do not feel that the fact that this corn arrived at destination in the ear was any disadvantage; or, in other words, we believe that the corn was worth as much in the ear as if shelled, and must ask you to cancel this charge against us." There was other correspondence between the parties through agents and attorneys. There was evidence of the cost of transportation of the corn from Round Pond to Leander.

It was shown that the line of defendant's railroad terminated at a place called Terrill, Indian Territory, where it connected with the Chicago, Rock Island and Texas Railroad, which connected at Fort Worth with the Houston & Texas Central Railroad, which connected with the Austin and North Western at Austin which carried the car to Leander. The latter corporation, upon the failure of plaintiff to receive the grain, sold the same and realized therefrom $155.05. After deducting freight charges in the sum of $122.40 and $24 for demurrage, there was left on hand $8.65, which is now in the hands of the latter company. There was evidence on the part of the defendant that the corn was of a poor quality and it sold as well in Leander in the ear, as it would have sold had it been shelled; and also evidence to the contrary for plaintiff. The jury found for plaintiff for $90.90, which was reduced by remittitur to $64.84. The defendant appealed.

The instructions given on the part of the plaintiff show that the court tried the case upon the theory of negligence for the failure of defendant to stop the grain at El Reno to have it shelled. And the jury were instructed that the measure of damages would be for the reasonable market value of the corn on or about December 30, 1896, with interest at six per cent. The defendant submitted a demurrer to plaintiff's case which was overruled.

The first question in the case for consideration is, did the

statement set out facts sufficient to constitute a cause of action against the defendant for negligence? A case similar to this was before this court wherein it was held that the statement was insufficient. See Leas v. Pacific Express Co., 45 Mo. App. 598. The paper called statement in that case read as follows:

"Telephone 924.

"Kansas City, Missouri, June 2, 1886.

"Pacific Express Company,

"Bought of George Leas, Boiler Maker, and Dealer in New and Second-Hand Machinery, Corner Delaware Street and Levee, Kansas City, Missouri, June 24, 1886:

"1 crank shaft for 4x6 Eng.....................$18.00

"This shaft was shipped C. O. D., to Frank E. Wells, Eufala, Indian Territory, May 31.

"Broken by Pacific Company."

The judge delivering the opinion used the following language:

"The statute requires that, if the suit is founded on an account, the bill of the items of the account shall be filed, and in all other cases a statement of the facts constituting the cause of action and the amount or sum demanded, shall be filed with the justice." Then further: "Whether the plaintiff's action, if any he has, is based on contract or negligence, the statement does not advise us."

In the case at bar the statement does not allege that the plaintiff's claim is for damages on contract or for negligence, and he does not state what his damages are. It is true, in his claim for conversion he states his damages, but he could not recover upon that cause of action. And the damages would be different in a cause of action for negligence from that in an action for conversion. The ruling of the court in Leas v. Express Company, supra, is well supported in the following

cases. Rosenburg v. Boyd, 14 Mo. App. 429; Weese v. Brown, 28 Mo. App. 521; Nutter v. Houston, 32 Mo. App. 451; Hill v. Steel Co., 90 Mo. 103.

As has been said, plaintiff recovered on the ground of negligence, but under the instructions of the court his damages were assessed under the rule applicable to conversion. This was a curious and somewhat novel admixture of remedies. We do not think that plaintiff is entitled to recover for conversion under the facts of the case. His contract with the defendant was for a delivery of the corn at Leander, Texas. The corn was delivered at the destination agreed upon; therefore, the duty of the defendant carrier ceased there, and it would not be liable for the conversion of a connecting carrier after delivery. It was the duty of plaintiff to have received his corn and then to have sued the defendant for failure to shell it at El Reno. He could either sue on his contract or for negligence, and the measure of damages would be the same; that is to say, the difference in the market value at Leander between the corn delivered unshelled and shelled, less the expense of shelling.

The remarks of the trial judge that the defendant received the grain as a common carrier were true and we fail to see how defendant could have been injured thereby.

We think the defendant's counsel is in error on the question of the liability of the defendant for negligence of its connecting carriers. The question seems to be settled in the case of McCann v. Eddy, 133 Mo. 59, that carriers upon a contract for through delivery can not exempt themselves from liability for the negligence of connecting carriers.

The statement should be amended and tried upon the theory of law laid down herein. There is no practical reason for noticing other points made in the briefs and arguments of counsel. Cause reversed and remanded. All concur.