MAY TERM.
1842.

GAMBLE, Adm'r., de bonis non of Estate of NASH, v.

HAMILTON, Adm'r. of Estate of O'NEIL.

Gamble, Administrator de bonis non of Nash v. Hamilton, Administrator, of O'Neil.

1. A writ of error will lie upon an order of the County Court, that an administrator "retain all the money of the estate, which may come into his hands, subject to the order of the court, for the purpose of paying all administrators and guardians, such sums as shall be found due from the estate, &c., in preference to all other demands, &c." Such an order amounts to a judgment, and is final and conclusive in its nature.

2. Where an administrator dies in possession of specific property, belonging to the estate of his intestate, and it can be identified as part of such estate, the administrator *de bonis non*, is entitled to the possession of such property; but, if the property cannot be so identified, the administrator *de bonis non* must fall into the class of creditors designated by the administration law.

3. Although it is not stated in the bill of exceptions, that no other evidence; than that recited, was given, &c. Yet, if it can be clearly inferred from the proceedings, that no other evidence was given, it is sufficient.

Error to St. Louis Court of Common Pleas.

POLK & GAMBLE for Plaintiff.

HAMILTON for Defendant.

*Opinion of the Court, delivered by Tompkins, Judge.*

This case originated in the Probate Court of St. Louis County. The Court of Probate, on motion of Gamble, among other things, made an order on Hamilton, as administrator of O'Neil, who had been administrator of said Nash, to pay over to said Gamble the sum of $990,83, which, it appeared by the last settlement made with the court by O'Neil in his life time, he admitted to be in his hands for the use of the estate of Nash. Hamilton complied with the order, except only as to that part requiring him to pay over the said sum of money; as to which he reported to the court, that said O'Neil left no money on hand at his death. Thereupon, the court ordered, that said Hamilton retain all the money which might come into his hands from the estate of said O'Neil, subject to the order of the court, for the pur-

MAY TERM
1842.

Gamble, Ad-
ministrator de
bonis non of
Nash, v.
Hamilton, Ad-
ministrator of
O'Neil.

pose of paying all administrators and guardians, such sums as should be found to be due from the estate of the said O'Neil in his character of executor, administrator, &c., in preference to all other demands, which had been or might be established against his estate, to the intent, as declared in said order, that so soon as it should be ascertained that the monies due said O'Neil, and the personal property left by him are insufficient to pay the same, an order should be made for the sale of the real property for that purpose.

Hamilton moved the Probate Court to rescind so much of its order as commanded him to retain money that might come to his hands of the estate of O'Neil, for the purposes aforesaid; that court over-ruled the motion, and the cause was brought to the Court of Common Pleas, by writ of error. In this last mentioned court the order of the Court of Probate was rescinded.

The administrator de bonis non of Nash then moved for a new trial; and his motion being over-ruled, it is urged he sued out his writ of error. On the part of the plaitiff in error, it is urged:

1st, That the order of the Probate Court is a mere direction, and is not of the character either to be enforced by process, or appealed from, and until the order of the court is enforced it cannot be either received or reversed.

2nd, that the Probate Court has a general jurisdiction, as well equitable as legal, and under the 34th section of the administration law, could make the order here made.

3rd, That the record does not show what evidence was given before the Probate Court, upon which the order was made, and for any thing appearing on the record, evidence may have been given, that all the property held by O'Neil. was purchased with the trust fund.

A writ of er-
ror will lie up-
on an order of
the county
court, that an
administrator
"retain all the
money of the
estate, which
may come in-
to his hands,
subject to the
order of the On the point made by the plaintiff in error as first above stated, it is to be observed that the order of the Probate Court made in the cause was as final and conclusive as it could be. It amounted to a judgment against Hamilton, as administrator of O'Neil, for so much money of the estate when he should first be in possession of funds; and that it would be too late for him to seek redress from the appellate court, after he should have paid out the money under the order of the

Probate Court. The plaintiff in error here, after redress given to the defendant in error, might have no assets to repay the money received by him under the order of the Probate Court; and, at all events more delay would have taken place.

The writ of error upon any final judgment or decision of any court is a writ of right, and may be sued out as well in vacation as in term time. See digest p. 318, 1st section of the act to regulate practice in the Supreme Court. Since the establishment of the State government, the courts have construed the law liberally, and probably the more so, as writs of error can issue in vacation, and other writs, as mandamus, &c., in term time only. To the second point it may be objected that the first section of the fourth article of the administration law, directing how demands against the estate of a deceased person shall be classed, and the 21st section of the same article directing such demands to be paid as they are classed, do in my opinion, restrict the equitable jurisdiction of that court to the course then prescribed.

There can be no doubt, that had the money, reported by O'Neal to be on hand belonging to estate of Nash, when he made his last settlement with the Probate court, been found in his box after his death, by his administrator, in such state that it could be identified; but the administrator de bonis non, ought to be put into the possession of it as readily as if it were a horse, or any other article of personal property; here, we are told by the administrator, and his statement is admitted to be true, that there was no money left on hand by said O'Neil at the time of his death, nor was there any in his possession to enable him to comply with the order of the court.

The administrator of Nash, must then fall into the class of creditors to which the statute assigns him. As to the third point, it may be observed that although it is not said in so many words that no more evidence was given before the Probate Court, than what appears in the bill of exceptions; yet, it is plainly to be inferred, that no other evidence was given. That court first made an order to the administrator, to deliver over the property of Nash deceased, and the

MAY TERM. 1842.

Gamble, Administrator de bonis non of Nash, v. Hamilton, Administrator of O'Neil.

court, for the purpose of paying all administrators and guardians such sums as shall be found due from the estate, &c., in preference to all other demands, &c." Such an order amounts to a judgment, and is final and conclusive in its nature.

Where an administrator dies in possession of specific property belonging to the estate of his intestate, and it can be identified, as part of such estate, the administrator de bonis non is entitled to the possession of such property; but if the property cannot be so identified, the administrator de bonis non must fall into the class of creditors designated by the administration law.

Gamble, Administrator de bonis non of Nash, v. Hamilton, Administrator of O'Neil.

*Although it is not stated in the bill of exceptions, that no other evidence, than that recited was given &c. Yet if it can be clearly inferred from the proceedings, that no other evidence was given, it is sufficient.*

money, viz: $990,83, which, O'Neil at his last settlement had reported to be on hand.

The record, then, shows that O'Neil's administrator, obeyed the order, except paying over the money, stating that he had found none left on hand by O'Neil: "Thereupon," it is stated, "the court further ordered, that the said Alexander Hamilton retain all monies which might come into his hands from the said estate, subject to the order of the court, for the purpose of paying all administrators and guardians, such sums as should be found to be due from the estate of the said Hugh O'Neil in his capacity of executor, administrator, &c." We are warranted in supposing that this order was made by the court, in consequence of the report of O'Neil's administrator, that all the property was delivered up, and that no money was found; for, it is stated that "thereupon," the court made the order; or, on this state of facts the court ordered. But we are precluded from believing that all O'Neil's property was purchased with the trust fund by the very character of the order. Had his property been purchased with the money belonging to Nash's estate, it is impossible to believe that the court of Probate would have been so weak as to order on that account, that the money to be raised from the estate so purchased should be kept to pay not only the sums due to Nash's administrator, but also, "for the purpose of paying all administrators and guardians, such sums as should be found due from the estate of said O'Neil, in his capacity of administrator or guardian, &c." That court evidently made the order under the belief that the administrator of Nash, and other administrators in like situation, ought to be preferred creditors. The Court of Common Pleas, then, committed no error in rescinding the order of the Probate Court. Its judgment is, therefore, affirmed.