EARLY, Plaintiff in Error, *vs.* FLEMING, Defendant in Error.

1. To enable a person to justify, under the act concerning "Inclosures," (R. S. 1845,) for killing his neighbor's stock, he must bring himself exactly within the protection of the statute.
. No formality is necessary in the statement of the cause of action before justices of the peace.

*Error to St. Louis Law Commissioner's Court.*

*A. J. P. & P. B. Garesche,* for plaintiff in error.

This action was brought under the "Inclosure" act, R. S. 1845, p. 575. Section 4 of that act clearly permits a person to justify the killing of another's animals that are trespassing upon his land, upon proving that it was inclosed within a lawful and sufficient fence, and *in such case only.* The instruction of the court below was, therefore, erroneous.

*Knox & Kellogg,* for defendant in error.

The testimony introduced by the plaintiff did not sustain or tend to sustain the claim as filed.

As the suit was not brought under the act regulating Inclosures, Rev. Stat. of 1845, p. 575, the said act is not, in any wise, applicable.

If the court shall be of the opinion, that the plaintiff can recover the value of the hogs killed, then the defendant has a right to have the loss sustained by him, by reason of the hogs

destroying his crops, &c., allowed, which loss is greater in amount than the plaintiff's claim.

Although the commissioner may have erred in giving instructions, yet, as the record shows the verdict to have been rendered for the right party, this court will not disturb the verdict.

GAMBLE, Judge, delivered the opinion of the court.

Early sued Fleming before a justice of the peace, and stated his case to be for three hogs, but whether sold to the defendant, or killed, or taken away by the defendant, is not mentioned in the statement. The justice's docket shows the nature of the demand to be for stock of plaintiff shot by defendant.

The parties having had a trial before the justice, in which the plaintiff succeeded, the defendant appealed to the Law Commissioner. Before the Law Commissioner, a trial was had, which resulted in a verdict and judgment for defendant, from which the plaintiff appealed to this court.

It appeared, before the commissioner, that the plaintiff's hogs were in the defendant's inclosure, which was on the Maramec river, and that the defendant shot them. The defendant's field was not inclosed with a fence, such as is required by statute. The Maramec was very high and partly overflowed the defendant's field.

The commissioner, at the request of the defendant, instructed the jury, that "if they believe, from the evidence, that the defendant's fence, owing to the high water, would not have been able to keep out from his inclosure the plaintiff's pigs, whether said fence had been a legal one or not, they will find for the defendant."

1. It is not attempted in argument to sustain an instruction so entirely erroneous as this. The man who kills his neighbor's stock, must place himself exactly within the protection of the statute that allows such vengeance.

2. For the appellee, it is insisted that the statement or bill of items before the justice, is not sufficient, as it does not purport to be for the killing of hogs. All formality is dis-

pensed with, in the statement of the cause of action before justices of the peace, and here, the parties manifestly under-stood the nature of the plaintiff's demand.

Let the judgment be reversed, and the cause remanded.