Burt v. Warne.

————◦•◦•◦•————

Burt, Respondent, v. Warne, Appellant.

1. In an action of trespass for damages, a statement which described the premises as "building and premises in block No. 84, of the city of St. Louis," is sufficient, and an amendment adding the words "South Fourth street," is immaterial.

2. A. rented the premises in question from the owners, and sold his interest in them to plaintiff, the agent of owners recognizing plaintiff as their tenant previous to the time defendant entered upon the premises. *Held*, that plaintiff was entitled to possession at the time defendant entered, and if defendant, during the time he was in possession, injured said premises so as to render them untenantable, then plaintiff is entitled to recover in action of trespass what it would cost to repair said injuries.

3. In an action of trespass for damages before a justice, a statement in these words: "E. W. Warne in acc't Calvin C. Burt, Dr. To damage done to building and premises in block 84 of the city of St. Louis, $50," is sufficient under the statute. (R. C. 1855, p. 931, § 13.)

*Appeal from St. Louis Law Commissioner's Court.*

This was an action brought before a justice to recover damages alleged to have been done to a building, described as situated in "block No. 84, of the city of St. Louis;" the justice rendered judgment for plaintiff, and defendant appealed to the law commissioner's court. Plaintiff was allowed to amend his statement and insert the words "South Fourth street." Plaintiff introduced witness Jones, who testified that he rented the premises in question of James McCausland, agent for John and Robert McCausland, between February 12th and 18th, 1858, and sub-let to plaintiff at an advance. Same day of, and after the sub-letting, witness found defendant in possession of the premises, using the house as a marble shop, very much to their injury and damage; plaintiff went to the expense of repairing the house

after he got possession of it; that a former tenant of these premises wanted to sell a kitchen to witness, and that both James McCausland and witness told tenant, after contract of lease to witness, that he could rent the house to any one who would buy the kitchen. The transcript of a cause, brought before a justice, to get possession of these same premises, in the name of John and Robert McCausland, for unlawful detainer, against this defendant Warne, was offered in evidence; also, a notice, signed by this plaintiff, Burt, as attorney, requesting and demanding of Warne possession of the premises. Witnesss Jones testified that he swore to the complaint in the case of the McCauslands v. Warne, at the request and by advice of Burt, who acted as attorney for the McCauslands, against Warne. Unlawful detainer was decided in favor of Warne, and appealed to land court. Affidavit of Robert and John McCausland, that they had not authorized Burt to bring unlawful detainer suit against Warne was offered in evidence, also their power of attorney to Irwin Z. Smith to dismiss suit in land court. Plaintiff offered in evidence a lease to Burt, of these premises, from James McCausland, signing as the "agent of R. & J. McCausland." Witness Jones proved James McCausland's signature.

The court, on motion of plaintiff, gave this instruction: "If the jury find from the evidence that the witness Jones rented, from the owners thereof, the premises in question, and sold his interest in them to plaintiff; that the owners, by their agent, recognized said plaintiff as their tenant previous to the time defendant entered upon the premises, then plaintiff was entitled to the possession of the premises at the time defendant entered; and if defendant, during the time he was in possession, injured said premises so as to render them untenantable, then plaintiff is entitled to recover in this action what it would cost to repair said injuries, not to exceed fifty dollars."

This instruction was given on defendant's motion: "Plaintiff can not recover in this action unless the jury believe

from the evidence, not only that the premises in question were leased to him, but that he had accepted the lease previous to the time when Warne entered into and held the premises."

Defendant asked the following instruction, which was refused : " 1. If the jury believe from the evidence that the house for which plaintiff claims damages was not his property, but the property of Robert and John McCausland, and that the only interest that plaintiff had in the house was a lease for an indefinite length of time, then plaintiff can not recover anything."

*Smith & Sedgwick*, for appellant.

I. The court erred in permitting the amendment of plaintiff's statement after appeal from the justice.

II. The court erred in permitting the lease from James McCausland to Burt to be read. It was signed by McCausland, who it is claimed was the agent of the owners of the property, but no authority is shown to authorize James McCausland to make any such contract.

III. The court erred in giving the instruction asked by plaintiff. The instruction assumes that the owners of the property by their agent recognized plaintiff as their tenant, when there is no testimony to support the assumption. Besides, the affidavits and power of attorney of the owners themselves recognize Warne as their tenant.

IV. The statute requires that " in all suits not founded on account, or an instrument of writing, a statement of the facts constituting the cause of action shall be filed with the justice before process shall be issued. " In this case no statement was filed. A statement is necessary to apprize the defendant what he has to defend against. At that very time, defendant was defending a suit wherein Robert and John McCausland were the plaintiffs, and, through Burt, asking possession of these very premises; and Burt sues, claiming fifty dollars, for premises that belonged to the McCauslands, and that Burt even then claimed the McCaus-

lands had a right of possession to. The statement should have apprized the defendant how Burt claimed to be damdaged by any injury to the house.

*C. C. Burt, pro se.*

I. The defendant is a wrongdoer, under no claim of title enters upon the premises and does damage. All the title necessary to support the action, in the plaintiff, is possession or the right to the possession, which the lease gave to Burt.

II. The lease was properly in evidence, for Jones proves it and proves the power of McCausland, the agent, to make it; he was subscribing witness, and plaintiff was then and is now in possession and has repaired the injury.

III. The instructions are not erroneous in declaring the law. A mere construction or right to possession is sufficient to maintain trespass against a stranger, and the defendant does not claim a lease or title; his entry is forcible, as it is in proof he broke off the doors to get in.

EWING, Judge, delivered the opinion of the court.

The statement as originally filed with the justice described the premises with the requisite certainty, and so that they could be readily identified. The amendment allowed by the commissioner was therefore immaterial.

The lease was properly allowed to go to the jury. There was evidence tending to prove that James McCausland was the agent of the owners of the property in question; and this paper, the execution of which was proved by the witness Jones, purports to lease it on certain terms therein specified to the plaintiff by the month; and the lease was to continue as long as the premises remained the property of the then owners. It was competent evidence, and it was for the jury to determine its relative weight, in connection with other facts in the case.

If the witness Jones rented the property from the owners and sold his interest therein to the plaintiff, who was recognized by the owners as their tenant previous to the time de-

fendant entered into it, then the plaintiff was entitled to the possession at the time of such entry; and if the defendant while in possession injured the premises so as to render them untenantable, then the plaintiff was entitled to recover what it would cost to repair the injuries, not however to exceed fifty dollars. This was substantially the instruction given on behalf of the plaintiff, and it correctly declared the law arising upon the facts.

In respect to the acceptance of the lease by the plaintiff, the law was declared in the instructions given, and the court properly refused the others asked by the defendant on that point.

If there was such a lease of the property to the plaintiff as is claimed for him, this gave him the right of possession, and a possessory right is sufficient to maintain trespass. The instructions asked by the defendant asserting a contrary doctrine were, therefore, well refused.

We think the statement filed with the justice contains all the statute requires. Although in the form of an account, it states the cause of action and nature of the demand, amount of damages claimed, names of the parties, description of the property injured, dates, &c. It was unnecessary to set forth more in detail the particulars of the transaction. All formality is dispensed with in such statements before justices of the peace. Judgment affirmed.