SEYMOUR v. SEYMOUR, *Appellant.*

67  303
43a 297

1. **Probate Court**; FINAL SETTLEMENT: APPEAL: EXHIBITION AND ALLOWANCE OF DEMANDS: REMEDY AGAINST DELINQUENT ADMINISTRATOR. A proceeding was brought in the probate court by an administrator *de bonis non*, charging that the former administrator had failed to account in his annual settlements for some of the assets of the estate, and praying for an amended settlement and an order of payment. The personal representative of the former administrator answered, denying the matters charged, and alleging that the estate of plaintiff's intestate was indebted to his intestate. Upon a trial the probate court so found, and gave judgment for the defendant accordingly. An appeal having been taken to the circuit court, this judgment was reversed, and plaintiff obtained judgment against the defendant for a balance found to be due. On appeal to this court, *Held*, 1st, That the judgment of the probate court was not based upon an annual settlement, but was such a final determination of the matters in controversy between the two estates as authorized an appeal; 2nd, That the proceedings should be treated as an exhibition of demands for allowance against the respective estates of which plaintiff and defendant were administrators, and the court was authorized to enter a money judgment against the defendant as administrator, for the balance found due, and was not confined to making an order of delivery against him, or rendering a judgment against the sureties on the bond of the deceased administrator, as provided by §§ 47, 68, 69, Wag. Stat., pp. 77, 81, 82.

2. **An Instruction** which either ignores a material fact in the case, or is inconsistent with itself, is properly refused.

*Appeal from Boone Circuit Court.*—HON. G. H. BURCKHARTT, Judge.

The instructions refused by the court were as follows:

3rd. The court, sitting as a jury, is instructed that if it finds from the evidence that the personal property of J. W. Graves, deceased, was inventoried and appraised, said appraisement was *prima facie* evidence of the value of said property, and if the court finds from the evidence that said Jno. T. Graves charged himself with an amount sufficient to cover the total appraised value of the personal property, including the $700 which was realized from the sale of the new mill over its appraised value, and also with

the item of one thousand dollars for lumber sold by J. W. Graves, deceased, in St. Louis in his life time, and which was not inventoried and appraised, the verdict and finding must be for the defendant.

5th. The court, sitting as a jury, is instructed that if it finds from the evidence that all the personal property belonging to the estate of J. W. Graves, deceased, which was not sold at public sale, was afterwards sold under an order of the probate court, at private sale, and that said administrator reported said sale to said court, and the same was approved by said court, then said order of approval is *prima facie* evidence that said report was correct, and the court cannot go behind said order to inquire into the correctness of the same, and the verdict and finding must be for the defendant.

*W. Gordon* and *Ewing & Pope* for appellant.

*O. Guitar* for respondent.

NORTON, J.—This is a proceeding instituted in the county court of Boone county in which it is alleged that in 1865 John T. Graves was appointed administrator of the estate Joseph W. Graves, deceased, and continued as such without completing the administration till his death, which occurred in 1874; that on the 7th of August, of that year, defendant was appointed administrator of said John T. Graves, and plaintiffs were appointed administrators *de bonis non* of the estate of said Joseph W. Graves. It is further alleged that the said John T. Graves, as administrator of Joseph W. Graves, had collected a large amount of money as the proceeds of the sale of personal property, which he had failed to account for, and the court is asked to require defendant, as administrator of John T. Graves, to make an amended settlement and charge therein the sums of money so received and not accounted for, and to pay the balance, if any, over to the plaintiffs. Defendant,

Seymour v. Seymour.

in his answer, denies that J. T. Graves, as administrator, failed to account for the sums of money alleged to have been received by him, and alleges that he did account therefor, and that the estate of J. W. Graves was indebted to the estate of J. T. Graves in the sum of $1,187.39, which he asks to be allowed as a demand against the estate of plaintiffs' intestate. Upon a trial in the county court judgment was rendered for defendant for the sum of $851.89, from which an appeal was taken to the circuit court, where on a trial *de novo*, judgment was rendered for plaintiff for $1, from which defendant has appealed to this court.

It is claimed, on the part of defendant, that the judgment rendered by the county court was based upon an annual settlement and could not therefore, be appealed from. This claim, we think, is not supported by the facts. In proceedings before county courts in matters pertaining to the administration of estates, where no formal pleadings are required, substance and not form is to be looked to, and although in the petition filed by plaintiff, the settlement which defendant was called upon to make, was styled an amended settlement, it was really a final one, as contemplated in § 47, 1 Wag. Stat., 77, and the judgment of the county court allowing the sum of $851.89, against the estate of plaintiffs' intestate, was such a final determination of the matter in controversy as authorized an appeal.

It is also urged that even though the circuit court had jurisdiction to try the cause on appeal, it had none to render judgment against defendant, and in support of this view we have been cited to Secs. 68 and 69, Wag. Stat., 81, 82. While these sections would not authorize the rendition of such judgment as was rendered in the case, it does not follow that the court had no jurisdiction to render it on other provisions of the law. When an administrator dies without accounting for money or assets which came into his hands in the course of his administration, an administrator *de bonis non*, who succeeds him, may either sue

on the bond of such deceased administrator, and recover judgment against his administrator and securities, or he may resort to the summary remedies, provided in Sec. 47, 1 Wag. Stat., 77, and Secs. 68 and 69, or he may exhibit the claim as a demand against the estate of the decedent, without resorting either to an action on the bond or the summary remedies thus provided. *State ex rel. v. Hunter*, 15 Mo. 490; *Gamble v. Hamilton*, 7 Mo. 469; *State to use, &c. v. Fulton*, 35 Mo. 323. We are inclined to regard the proceding in the county court as an exhibition of demands for allowance against the respective estates of which plaintiffs and defendant were administrators. It seems to have been so treated, both in the county and circuit courts, plaintiffs claiming that defendant's intestate was largely indebted for money received by him and not accounted for, while defendant denied this claim, and set up that such money had been accounted for, and on full settlement, the intestate of plaintiffs was indebted to the defendant's intestate, in the sum of $1,185.

In support of plaintiffs' claim, evidence was introduced, showing that John T. Graves as administrator of Jos. W. Graves, had collected, as the proceeds of the sale of various articles of personal property, the sum of $3,139.95. This was admitted as the record shows, by defendant. Evidence was also introduced, tending to show that he had collected of one Merry the further sum of $170, which added to the admitted amount, aggregates $3,309.95. Defendant, to overcome the case thus made, introduced the inventory, appraisement and sale-bill of the property of J. W. Graves, deceased, and four annual settlements of Jno. T. Graves. The settlements thus offered, while they are *prima facie* evidence of their correctness, are not conclusive on the parties interested, and in the final adjustment of accounts are subject to review and correction. They are regarded as mere exhibits of the condition of the estate on which orders for distribution, or for the payment of debts, according to the circumstances of

the case, might be made. *Baker et al. v. Runkle et al.*, 41 Mo. 392; *Picot v. Biddle, Admr.*, 35 Mo. 29. Although the last of these settlements made is 1874, shows a balance in favor of J. T. Graves, administrator of J. W. Graves, deceased, of $1,185, this allowance is clearly erroneous, as shown by the settlement itself, and those which precede it, and the admission and proof that said J. T. Graves had collected the sum of $3,309.95. The said J. T. Graves charged himself in the first settlement, May, 1866, with the sum of $2,704, amount of property sold at private sale. This charge, it is claimed, includes the amount sued for by plaintiffs. Giving it its widest latitude, and it lacks $605.95 of covering the sum of $3,309.95 admitted and proved to have been received by him as above set forth, and charging him with this difference in that settlement, and the balance due the estate of J. W. Graves, would have been $2,349.32, instead of $1,743.87. Carrying this balance into the second settlement, and charging thereon $141.94 as interest, and also the sum of $1,100, instead of $1,000, as the proceeds of the sale of land which the fourth settlement admits should have been done, the balance due the estate would have been $1,804.94 instead of 957.34. Carrying this balance of $1,804.94 into the third settlement made in July, 1868, and charging $108.24 as interest, and correcting an admitted mistake of $100 in the credits given in the settlement, and the balance due the estate would be $1,104.87, instead of $49, as found by the settlement. Carrying this balance into the fourth settlement, made in April, 1874, and charging interest $360.50 the aggregate charge would be, $1,465.37. To offset this charge the defendant's intestate should be credited with taxes paid and interest thereon as shown in the first settlement, amounting to $337.62, and also with the amount of uncollectable notes and accounts charged in fourth settlement, with interest thereon from June, 1866, to April, 1874, when the last settlement was made, amounting in the aggregate, with commissions added, to $912.14, making

the total credits $1,249.76, which, deducted from the debt, $1,448.97, would leave the estate of defendant's intestate indebted to plaintiffs' intestate in the sum of $215.51. We have made the above review because it is insisted that there was no evidence which entitled plaintiffs to a recovery, and the refusal of the court to give an instruction to this effect is alleged error.

We think the conclusion reached by the trial court was fully justified by the evidence, and that the law applicable to the case was embraced in the instructions given by the court, and that the third and fifth instructions were properly refused, the fifth because it was inconsistent with itself, and the third because it required the court to ignore the fact that other property than that mentioned in the instruction was neither inventoried nor appraised. Judgment affirmed, in which the other judges concur.

AFFIRMED.