GILES GLENN, Respondent, v. HOMER S. WEARY, Appellant.

Kansas City Court of Appeals, April 6, 1896.

1. **Justices' Courts:** SUFFICIENCY OF STATEMENT. A statement before a justice that defendant did kill five head of hogs, property of plaintiff, of the value, etc., with prayer for judgment, is *held* sufficient.

2. **Appellate Practice:** EVIDENCE: ABSTRACT. The appellate court will not pass upon the admission of evidence where the abstract does not set out the evidence so its tendency may be seen.

3. **Instruction:** STATEMENT: COMMON ERROR. The statement above recited is sufficient to admit evidence of warnings before the killing; but if not, appellant, who asked an instruction on that theory, can not object.

4. **Trial Practice:** INSTRUCTION: CONFLICT. An instruction set out in the opinion *held* unintelligible and conflicting with other instructions and, therefore, reversible error.

*Appeal from the Harrison Circuit Court.*—HON. P. C. STEPP, Judge.

REVERSED AND REMANDED.

*J. C. Wilson* and *Sallee & Goodman* for appellant.

(1) On the trial the plaintiff was permitted to introduce, against the objections of defendant, evidence to

the effect that defendant was a man of violent temper, etc. Upon what principle this evidence was permitted to go to the jury we are unable to perceive. No such issue was presented in plaintiff's statement, and its only effect was prejudicial to the defendant. *Dudley v. McCluer*, 65 Mo. 241; *Teese v. Huntington*, 23 How. 2. Evidence of character is also inadmissible in action for assault. *Corning v. Corning*, 6 N. Y. 97; *Willis v. Forrest*, 2 Duer, 310; *Porter v. Seller*, 23 Pa. St. 424; *Thompson v. Church*, 1 Root, 312; *Givens v. Bradley*, 3 Bibb. 105. And in trespass. *Cummings v. Cranfer*, 88 Ill. 312; 3 Am. and Eng. Encyclopedia of Law, 113, where all these cases are collected. *Gutzwiller v. Lackman*, 23 Mo. 168; *Rogers v. Troost's Adm'r*, 51 Mo. 470; *Vawter v. Hultz*, 112 Mo. 633; *Seymour v. Farrell*, 51 Mo. 95; *Hawkins v. Printing Co.*, 10 Mo. App. 174; *State v. Taylor*, 98 Mo. 240; *Ex parte Wilson*, 114 U. S. 417; *Mackin v. United States*, 117 U. S. 348; *State v. Warner*, 57 Mo. App. 502. (2) The first instruction given for plaintiff submits an issue not raised by the pleadings in that it presents for the consideration of the jury the question of wantonness and malice, as to which the statement is silent. This has been held error in the following cases. *Bank v. Murdock*, 62 Mo. 70; *State v. Nanert*, 2 Mo. App. 295; *Fairgrieve v. Moberly*, 29 Mo. App. 141; *Melvin v. Railroad*, 89 Mo. 106; *Kenney v. Railroad*, 70 Mo. 252; *Rothschild v. Frensdorf*, 21 Mo. App. 318; *Wade v. Hardy*, 75 Mo. 394; *Ely v. Railroad*, 77 Mo. 34; *Currier v. Lowe*, 32 Mo. 203; *Waddingham v. Hulet*, 95 Mo. 528. The second instruction is wholly unintelligible, and for that reason alone the case should be reversed. *Ferguson v. Brown*, Kansas City Ct. of App. March term, 1895. The error of this instruction is not cured by the giving of a correct instruction at the instance of defendant. *Jones v. Talbot*, 4 Mo. 279; *State v. Herrell*, 97 Mo. 105; *State*

*v. Nally*, 87 Mo. 644; *Frederick v. Algaier*, 88 Mo. 588; *Thomas v. Babb*, 45 Mo. 384; *Buddenburg v. Trans. Co.*, 108 Mo. 394; *Blendorn v. Railroad*, 108 Mo. 439. (3) The court should have sustained defendant's motion in arrest of judgment, for the complaint does not state a cause of action. *Hale v. Van Dever*, 67 Mo. 732.

*Wanamaker & Barlow* for respondent.

(1) The court properly admitted evidence of that trait and general habit of defendant of being unreasonably severe in handling stock. (2) The first instruction for plaintiff submitted generally the question if killing was done wantonly or maliciously. The first one for defendant submitted the same question. (3) All the instructions given in a case should be read and construed together, and if, when so considered, they are harmonious and not calculated to mislead, the judgment will not be reversed merely because any one or more of the series taken separately do not embrace all the issues. *Spillman v. Railroad*, 111 Mo. 555; *Shortel v. St. Joseph*, 104 Mo. 115; *Burdoin v. Trenton*, 116 Mo. 358; *Easley v. Railroad*, 113 Mo. 236; *Crawford v. Doppler*, 120 Mo. 362; *Shaw v. Dairy Co.*, 56 Mo. App. 521; *Distilling Co. v. Creath*, 45 Mo. App. 169; *Haver v. Schwyhart*, 48 Mo. App. 50; *Loe v. Railroad*, 57 Mo. App. 350.

SMITH, P. J.—This is an action which was commenced before a justice of the peace. The plaintiff's statement of his cause of action was that the defendant on, etc., at, etc., "did kill five head of hogs, the property of plaintiff, of the value of $25, wherefore the plaintiff asks judgment," etc.

There was a trial in the circuit court resulting in judgment for plaintiff for $12.50.    Defendant appealed.

The defendant by his motion in arrest of the judgment assails the sufficiency of the statement.    The statute requires that a statement filed before justice of the peace shall contain "a statement of the facts constituting the cause of action."    R. S., sec. 6138.    The requirement of the practice act applicable to courts of record is that the petition shall contain "a plain and concise statement of the facts constituting a cause of action."    R. S., sec. 2039.    The supreme court of this state have, in several instances, declared that a statement of a cause of action, while sufficient in form and substance, under the former of said statutes, would be insufficient under the latter.    *Iba v. Railroad*, 45 Mo. 470; *West v. Railroad*, 34 Mo. 177; *Dyer v. Railroad*, 34 Mo. 127.

Speaking for myself alone, I may state that I am unable to perceive that there is any substantial difference in the requirements of these two statutes.    Under either of them, the plaintiff must state the facts constituting his cause of action.    Under the latter, the statement of his cause of action is required to be "plain and concise."    But he must, in either case, state a cause of action; that is to say, facts upon which the law authorizes a judgment.    It is likely true that, under the latter statute, the petition, in addition to stating facts which constitute a cause of action, must also state the same, more artistically than under the former, in order to meet the requirement of the terms, "plain and concise."    But there is and can be no other difference in the requirements of the two statutes.    I can not resist the conclusion that the construction placed on these two statutes by Judge SHERWOOD in his dissenting opinion delivered by him in *Razor v. Railroad*, 73 Mo. 471, was the correct one.    But as we are expressly

required by the mandate of the constitution to follow
the last rulings of the supreme court, and are also im-
pliedly forbidden to follow the dissenting opinion of
any judge thereof, though we may think such opinion
to be a correct expression of the law, the sufficiency of
the statement in the present case must be tested by the
rulings of the supreme court in similar cases.

*Early v. Fleming*, 16 Mo. 154, was where the
statement or bill of items was "for three hogs," but
whether sold to defendant or killed, or taken away by
him, was not mentioned in the statement. It appeared
from the evidence in the case that the plaintiff's hogs
were in the defendant's inclosure and that he shot
them while there. The defendant's field was not
inclosed by a lawful fence. It was insisted that the
statement was not sufficient. Judge GAMBLE, who
delivered the opinion of the court, stated that "all for-
mality is dispensed with in the statement of a cause of
action before a justice of the peace and here the par-
ties manifestly understood the nature of the plaintiff's
demand." *Coughlin v. Lyons*, 24 Mo. 534, was where
the ordinary account setting forth the items thereof
was filed before the justice. It was ruled that a cause
of action was sufficiently stated to authorize the admis-
sion of evidence to the effect that the articles enumer-
ated were the property of the plaintiff and had been
wrongfully seized at the instance of the defendant in
an attachment suit. It was declared in the course of
the opinion in that case, that though the account
shows it to be for goods, wares, and merchandise sold
by plaintiff to defendant, and the proof did not sup-
port it, yet the action might be considered as trespass
or trover, according to the nature of the real transac-
tion. It was in effect further said in the same case,
that the practice before justices of the peace was differ-

ent from that prevailing in courts of common law jurisdiction.

*Burt v. Warne*, 31 Mo. 296, was an action of trespass for damages before a justice, where the statement was as follows: "E. W. Warne, in account Calvin Burt, Dr.   To damage done to buildings and premises in block 84 of the city of St. Louis." When the action was brought, the statute of 1855 was in force. Its requirement as to what the statement of a cause of action, filed before a justice of the peace, should contain, was the same as that in the present statute hereinbefore quoted.   It was said by Judge EWING, who wrote the opinion of the court in the case that:   "The statement contained all the statute required.   Although in the form of an account, it states the cause of action and the nature of the demand, amount of the damages claimed, names of the parties, description of the property injured, dates, etc.   It was unnecessary to set forth more in detail the particulars of the transaction. All formality is dispensed with in such statements before justices of the peace."

*Iba v. Railroad*, 45 Mo. 469, was where plaintiff filed a statement in the form of an account, "for damages amounting to sixty-five dollars, for a cow killed on railroad, on or about seventh of November, 1867, $65." Which was signed by plaintiff.   The court, after ruling the statement sufficient, remarked that "justices' courts are popular tribunals, before which ordinary disputes can be adjusted without the aid of attorneys; and it would defeat the end of their organization, if the rules of practice and pleading found necessary in courts of record were applied to their proceedings." The last case was approvingly cited by the same court in *Razor v. Railroad*, 73 Mo. 472.   In *Hale v. Van Dever*, 67 Mo. 732, what was said in *Coughlin v. Lyons, ante,* was quoted and followed.   It was

said, in substance, by the judge who delivered the opinion in the case that "the doctrine of *Coughlin v. Lyons* has been too long and in too many cases recognized to be overturned now." As already indicated it was ruled in the last case referred to that a statement in the form of a simple account, without an allegation of tort, was sufficient. *Iba v. Railroad, supra.* So that it results that the ruling in *Coughlin v. Lyons*, notwithstanding the change of the statute, is still the recognized law of the state. *Allen v. McMonagle*, 77 Mo. 478. In *Butts v. Phelps*, 79 Mo. 302, the rule is stated to be that a statement before a justice of the peace, to be sufficient, must advise the opposite party of the nature of the claim and be sufficiently specific to bar another action. And to the same effect are *Butts v. Phelps*, 90 Mo. 670; *Leas v. Express Co.*, 45 Mo. App. 598; *Lemon v. Lloyd*, 46 Mo. App. 456; *Winn v. Hillyer*, 43 Mo. App. 139.

It must be admitted that the adjudications in this state are not all in strict harmony. *Brashears v. Strock*, 46 Mo. 221; *Swartz v. Nicholson*, 65 Mo. 508; *Nutter v. Houston*, 32 Mo. App. 451. But the cases first cited, we think, declare the doctrine most recently recognized by the supreme court, and, therefore, they are binding on us. *Force v. Squier*, 34 S. W. Rep. 574.

The statement in the present case, we are constrained to think is sufficient, when viewed in the light of the rulings in the cases to which we have already adverted.

The defendant further objects that the trial court erred in permitting the plaintiff to introduce evidence tending to show that the defendant was a man of violent temper, and also that he had on several occasions been guilty of acts of great cruelty to his own stock. The plaintiff in answer to this objection states in his

brief, that the trial court, on the motion of the defendant, struck from the record the evidence tending to show specific acts of cruelty, and that the defendant's counsel stated in open court, during the trial, that no objection was taken as to the general manner in which defendant handled stock. But whether the court erred in its action in receiving or rejecting evidence tending to prove any particular fact, we can not determine, since there is not one sentence of evidence presented by the abstract. It is true the defendant, in his statement of his case, has set out the instructions given and refused, but has not set forth the evidence or any part thereof, either in *haec verba* or narrative form. The statement of the case informs us that the "plaintiff introduced evidence," and that "the defendant introduced evidence," tending to show certain facts; but this will not suffice for an abstract of the record of the evidence, where questions of the propriety of the action of the court in admitting or rejecting evidence are to be presented for our decision. We must see the evidence in one or the other of the above forms of bringing it to our attention, for it may oftentimes be that we would differ with counsel as to the tendency of the evidence so presented to us. We must continue to indulge every presumption in favor of the correctness of the rulings of the trial court, until the complaining party shall point out in the record the error of which he complains. If he does not bring his record before us by a proper abstract, how can he point to errors therein, of which we can take notice? We do not feel justified on the record before us to review the action of the trial court in respect to the admission or rejection of evidence.

The defendant further objects that the court erred in giving for the plaintiff an instruction presenting to the consideration of the jury the question of wanton-

ness and malice of the defendant in the killing of the plaintiff's hogs, of which there was no allegation in the statement. As has already been ruled by us, the statement need not contain an allegation of tort, in order to justify the admission of evidence tending to establish the tort. But if this were not so, the defendant is not in position to avail himself of the objection he has made, for the reason that he asked and the court gave him an instruction (number 1), submitting to the jury the very issue which he complains was submitted by the plaintiff's instructions.

The plaintiff's second instruction given by the court told the jury that if defendant's dog was fierce and would worry hogs when put after them, and that the defendant, knowing the propensities of his dog, set him after the plaintiff's hogs and they were therefore bitten and worried, and that as a result they died, then the finding should be for the value of the hogs, even though defendant in putting his dog after the hogs did no more than a prudent man would have done under the circumstances, knowing the propensities of his dog. This instruction is wholly unintelligible. All that part of it embraced in the proviso should have been omitted. It is probably in conflict with the first instruction given for the defendant. It was better calculated to obfuscate than to enlighten the mind of the jury, with respect to their duty under the evidence. It is to be regretted that an error should supervene in a case like this, of so serious a nature as to call for a reversal.

The judgment must be reversed and cause remanded. All concur.