MARK CALMES, Respondent, v. P. B. HAIGHT &
COMPANY, Appellants.

Kansas City Court of Appeals, November 5, 1900.

Justices' Courts: STATEMENT: ACCOUNTS. Two accounts set out
in the opinion are held sufficient to advise the defendants of the
nature of the claim  against them and to bar another action —
especially since the defendants' answer shows they understood the
nature of the claims.

Appeal from the Vernon Circuit Court.—*Hon. H. C.
Timmonds,* Judge.

AFFIRMED.

*A. J. King* and *T. J. Myers* for appellants.

(1)   The statement was and is insufficient to confer
jurisdiction on the justice.   Drug Co. v. Johnson, 80 Mo.
App. 428; Nutter v. Houston, 32 Mo. App. 451; Hill v.
Steel Co., 90 Mo 103; Leas v. Express Co., 45 Mo. App. 598;
Rosenburg v. Boyd, 14 Mo. App. 429; Swartz v. Nicholson,
65 Mo. 508; Brashears v. Strock, 46 Mo. 221; Reinhardt v.
Kempf, 72 Mo. App. 646; Doggett v. Blanke, 70 Mo. App.
500.   (2)   And this question can be raised for the first
time in the appellate court.   Lilly v. Menke, 126 Mo. 190,
211.   And no motion for a new trial or in arrest is necessary.
Swaggard v. Hancock, 25 Mo. App. 596; Bagby v. Emberson,
79 Mo. 139; Bauer v. Barnett, 46 Mo. App. 654; State ex
rel. v. Thompson, 149 Mo. 444; Childs v. Railroad, 117 Mo.
414.

*J. M. Hull* for respondent.

(1)   The accounts filed are sufficient.  Glenn v. Weary, 66 Mo. App. 75; Force v. Squier, 133 Mo. 306; Quinn v. Stout, 31 Mo. 160; Weese v. Brown, 102 Mo. 299; Allen v. McMonagle, 77 Mo. 478; Coughlin v. Lyons, 24 Mo. 533; Lemon v. Lloyd, 46 Mo. App. 452; Ingalls v. Averitt, 34 Mo. App. 371.   (2)   No formal pleadings are required in the justice court.  R. S. 1899, sec. 3852.   (3) It is too late to object in court of last resort that no account was filed in the justice's court.  Beard v. Parks, 44 Mo. 244; Fisher v. Railroad, 46 Mo. 304; Phillips v. Fitzpatrick, 34 Mo. 276; Grabbe v. Drayage Co., 42 Mo. App. 522; Bush & Weissman v. Diepenbrock, 20 Mo. 568; Hartford v. Boyes, 56 Mo. App. 139; May v. Kloss, 44 Mo. 300; Fleischmann v. Miller, 38 Mo. App. 177; Webb v. Robertson, 74 Mo. 380.

SMITH, P. J.—The plaintiff filed before a justice of the peace the following statement of his cause of action:

"The Hotel Mosier.

"B. J. Mosier, Prop.

"Rates $1.00 per Day.              Your Patronage Solicited.

Nevada, Mo.,................189⁓.

In account with P. B. Haight & Co.

To salary for 5 weeks and 4 days at $10 per week..$55 55
Expenses for above time......................  4 92

Total .......................... ...........$60 47

Calmes v. Haight & Co.

Cr.

April 7, 1899, by cash..................$ 5 00

April 22, 1899, by cash..................  5 00

April 29, 1899, by cash................  5 00

May 13, 1899, by cash................  5 00

Total cash received................$20 00

Balance due .....................$40 47

L. Y. BRAGG.

May 17, 1899.

For value received I hereby assign to M. Calmes the above account.

June 9, 1899.                      L. Y. BRAGG."

Filed June 16, 1899.              J. N. COIL, J. P.

"Nevada, Mo., June 9, 1899.

P. B. Haight & Co.,

        To M. Calmes, Dr.

April 7th, by cash....................$ 6 60

April 7, by cash........................  5 00

May —, by cash ......................  5 00

May 14, by cash ......................  5 00

May 19, by cash ......................  5 00

                              $26 60

Balance due ......................  37 87

                              $64 47

Calmes v. Haight & Co.

Cr.
April 7, ticket to Ft. Scott......................$  1  77
April 7, bus fare.............................     25
Ticket to Nevada.............................     65
Bus fare ........ ..........................     25
Return ticket to Ft. Scott....................     65
Return ticket to Nevada.......................     65
Bus  fare  .................................     25
Six weeks' services at $10 per week.............  60.00
                                            ────────
                                            $64  47"
Marked:  Filed, June 16, 1899.
                              J. N. Coil, J. P."


The sole question raised by the defendants' appeal from the judgment rendered in the court below against them is whether the plaintiff's said statement of his cause of action was sufficient to confer jurisdiction on the justice.

As may be seen, it embraces two accounts the first of which was assigned by Bragg to the plaintiff. And while it is somewhat informal we must think it is sufficient to confer jurisdiction. It can be gathered from reading the entire account that the relation of debtor and creditor existed between plaintiff as the assignee of Bragg and the defendants. It shows a claim for personal services, the time of such service and the amount charged therefor per week and the cash credits thereon. This part of the plaintiff's statement was manifestly sufficient to advise the defendants of the nature of the claim and to bar another action. Glenn v. Weary, 66 Mo. App. 75; Lemon v. Lloyd, 46 Mo. App. 452; Butts v. Phelps, 79 Mo. 302; Coughlin v. Lyons, 24 Mo. 533; Early v. Fleming, 16 Mo. 154; Forces v. Squier, 133 Mo. 306.

Besides this, the defendants filed in the justice's court

an elaborate answer from the allegations of which it appears that the plaintiff's account was quite sufficient to inform them of the nature of the plaintiff's claim.

And as to the second account in the statement, it will be observed that the plaintiff was by no means an accomplished bookkeeper and accountant, for it appears therefrom that the items of debit are placed under the abbreviation "Cr." and those of credit under that of "Dr."; but notwithstanding this blunder in stating the account, it is plainly to be seen when the entire account is read and considered that the plaintiff intended to charge the defendants for six weeks' services at ten dollars per week and with some smaller items, and that it is sufficiently specific. The amount of those items are aggregated and from this amount is subtracted the total amount of certain specified credits, showing the balance claimed thereon.

The defendants could have had no difficulty in understanding the nature of this claim; and did not, as appears from their answer. The sufficiency of this account when tested by the rules applied to the preceding one will also not be found wanting in any essential particular.

There is a third account found in the plaintiff's abstract which the plaintiff asserts in his counter-abstract and statement was not a part of the statement of the cause of action filed by him before the justice of the peace, but was filed as a mere exhibit in the case. And this we must think is true because it appears to have been filed by the justice more than a month after the commencement of the suit and on what was probably the day of the trial. We shall therefore not further notice said exhibit.

There is really no abstract of the justice's docket but a bare statement of its contents. We have, however, overlooked the defects of the abstract and passed upon the case as presented in the statements and briefs of counsel. We

think the statement presented by the record was not subject to the objection the defendants have urged against it.

It follows, therefore, that the judgment will be affirmed. All concur.