MRS. ANNA MEYERS, Respondent, v. R. C. GREER
& SONS REALTY COMPANY, Appellant.

St. Louis Court of Appeals, November 25, 1902.

1. **Practice, Trial: EVIDENCE: CAUSE OF ACTION.** In this case
there was evidence to support the plaintiff's cause of action, and
to go to the jury.

2. ——: ——: ——: **PRACTICE, APPELLATE: VERDICT.**
Plaintiff's statement in this case was unchallenged below and full
enough to support the verdict.

3. **Instruction: DAMAGES FOR SERVICES: ERROR.** An instruc-
tion telling the jury that if they found the issues for the plaintiff
they would allow plaintiff for her services whatever amount *in
their judgment* "would be a fair and reasonable compensation for
said services, taking into consideration the nature of the services
rendered and the time consumed and all the facts and circumstances
connected therewith;" *held*, erroneous as leaving out of view the
positive testimony of witnesses offered by both sides as to the value
of the services.

Appeal from St. Louis City Circuit Court.—*Hon.
Warwick Hough*, Judge.

REVERSED AND REMANDED.

STATEMENT OF THE CASE.

Plaintiff instituted this action before a justice of
the peace by filing the following account:

"Oct. 29, 1901.

"Martin & Young, Lawyers:
    R. C. Greer & Sons Realty Co., a corporation,
        719 Chestnut street, City.
    To Mrs. Anna Meyers, 4211 Fair ave....Dr.
For services rendered as janitress from Jan.
    1, '99, to Sept. 1, 1901, at $25 per month..$480.00."
Vol 96 mo app—40.

Defendant filed this counterclaim:

"Oct. 10, 1901.

"Mrs Annie Meyers, 2414 Pendleton avenue, city:
  To R. C. Greer & Sons Realty Co., 719
   Chestnut ................ ..... .......... Dr.

To rent of store, 2414 Pendleton ave., from
  June 28, 1900, to Oct. 28, 1901, 16 months,
  at $7 per month......................$112.00

Credit by cash paid Nov. 15, 1900............    4.00

Balance due .............................$108.00."

The trial before the justice resulted in a judgment against the plaintiff from which an appeal was taken to the circuit court where the case was tried anew, and a verdict returned in favor of the plaintiff for $320 on her account, and in favor of defendant for $108 on its counterclaim; judgment being entered for the plaintiff for the difference ($212) and then defendant appealed.

The following instructions were given, the first at the instance of the plaintiff and the other unrequested, defendant objecting and excepting to both:

"The plaintiff in this case claims from the defendant the sum of $480, as the value of services alleged to have been rendered by her to the defendant at his instance and request as janitress of certain premises at and near the southeast corner of Pendleton and St. Ferdinand streets, and the defendant claims that the plaintiff owes to it the sum of $108 for rent, and the court instructs the jury that if you believe from the evidence and all the circumstances of this case that plaintiff with the knowledge and consent of defendant rendered any services to defendant between January 1, 1899 and September 1, 1901, and that said services, if any, consisted in looking after and caring for certain flats and store buildings under the control of defendant, and located at southeast corner of Pendleton avenue and St. Ferdinand street in the city of St. Louis,

and you shall further believe that defendants have not paid plaintiff for said services, if any, then you will find for plaintiff and you will allow plaintiff for said services, if any, whatever amount in your judgment would be a fair and reasonable compensation for said services taking into consideration the nature of the services rendered and the time consumed and all the facts and circumstances connected therewith, but in no event can your verdict for plaintiff exceed $480."

"The court instructs the jury that if they believe from the evidence that plaintiff occupied flat No. 2414 Pendleton avenue in the city of St. Louis, the property of defendant, at an agreed price of seven dollars per month from the twenty-eighth day of June, 1900, to the twenty-eighth day of October, 1901, and that plaintiff had not paid defendant for the same or that she yet owes defendant a balance due upon said rent of one hundred and eight dollars or any other amount, you should find a verdict for the defendant on its counterclaim for whatever amount you may find from the evidence remains due and unpaid."

*R. M. Nichols* for appellant.

(1) The court gave to the jury erroneous instructions. The rulings of the Supreme Court in Gurley v. Railway, 93 Mo. 446, and of this court in Crahan v. Balmer, 7 Mo. App. 585, leave little to be said upon this point. If the decisions in those cases were right, and they have never been overruled, then in the case at bar the instructions were fatally erroneous. (2) A verdict not supported by substantiated evidence should be set aside. Brew. Co. v. Bodemann, 12 Mo. App. 573. The total disregard by the jury of the evidence on one branch of the case will warrant the granting of a new trial. Doty v. Steinberg, 25 Mo. App. 328.

*Joseph S. McIntyre* for respondent.

(1) Section 3825, Revised Statutes 1899, is com-

plied with where the complaint filed with the justice is sufficiently definite to advise the defendant of the nature of the claim and bar another action. Doggett v. Blanke, 70 Mo. App. 499; McCrary v. Good, 74 Mo. App. 425; Weese v. Brown, 102 Mo. 299. (2) The court's instructions properly declared the law and the verdict was responsive to the issues. (3) Gurley v. Railroad, 93 Mo. 445, cited by appellant is not in point. That was a suit against a common carrier, and the instruction held bad because it failed to particularize as to the respect in which the carrier had been negligent. (4) The appellate court will not disturb the judgment on the ground of insufficiency of evidence where there is any evidence to support the finding of the trial court. James v. Life Assn., 148 Mo. 16.

GOODE, J.—1. In this, as in many cases, the onerous task of reading a voluminous transcript has been imposed on us by the contention on the part of counsel that there was no evidence to warrant the verdict, although the bill of exceptions is loaded with evidence tending to establish the respective theories of the parties. Counsel could relieve us of much labor of this kind if they would abate their ardor sufficiently to regard dispassionately the contents of records.

As will be seen from the account set forth in the statement, the action is one in assumpsit for the reasonable value of services rendered by respondent in caring for seven flats and three storerooms in the city of St. Louis, belonging to the R. C. Greer & Sons Realty Company, for about two years, the character of her work being such as is commonly done by janitors. She testified the president of the appellant company told her she should take charge of the flats and stores, and that her duties were to rent them or see that they were rented, put up signs, clean out the cellars, cellarways and yards, look after repairs and do whatever similar tasks needed to be done about the premises, and also collect rents from the tenants. She further testified that she performed those duties and described the

trouble and expense she was put to in performing them.

Much testimony was given by other witnesses in corroboration of hers.

The theory of the defense was that Mrs. Meyers, who occupied one of the storerooms as a tenant of appellant, was getting along poorly in her business and at her request appellant reduced the rent she was to pay from twelve dollars to seven dollars per month and out of sympathy hired her to do tasks occasionally about the buildings, but had paid her in full for everything she did; and there was testimony for the jury in support of this defense.

No doubt can arise as to the propriety of the court's action in submitting the cause to the jury.

2. The sufficiency of the account in the statement is questioned now, but there is no showing in the bill of exceptions that it was below, and we think it was full enough to support the verdict, and by the precedents, full enough to go to trial on even if it had been challenged. Early v. Fleming, 16 Mo. 154; Glenn v. Weary, 66 Mo. App. (K. C.) 75; Weese v. Brown, 102 Mo. 299; Butts v. Phelps, 90 Mo. 670.

3. The issues of fact between the parties narrow down to whether or not respondent served the appellant constantly or occasionally and has been paid for what she did. That she was employed to perform tasks is undenied; but that she was steadily employed is denied, the defense being that she was only hired when needed and had been settled with in full.

That portion of the first instruction which told the jury what circumstances they should consider in appraising respondent's damages in case they found for her, is erroneous, because it fixed the amount of damages to be awarded at whatever sum would be a fair and reasonable compensation for the plaintiff's services in the judgment of the jury, taking into consideration the nature of the services rendered and the time consumed and all the facts and circumstances connected therewith, instead of all the evidence bearing on

the issue, part of which was direct and positive. Respondent testified her services were worth fifteen dollars a month, assuming to speak from actual knowledge of their value, and witnesses for the appellant testified to remuneration on a lower scale for such work. If the instruction was given on the theory that the jury were entitled to disregard the testimony as to the value of that kind of service, it misstated the law (Cobb v. Railway, 149 Mo. 609) while if on the theory that they were to make up their judgment from the evidence in the case, it was misleading; because the testimony of the witnesses who spoke on the subject was not mentioned in stating the facts to be considered and might naturally be understood to be excluded from consideration. Instructions which either overlook or unduly emphasize certain parts of the testimony touching an issue are bad. Anderson v. Kincheloe, 30 Mo. 520; Fine v. St. Louis Public Schools, 39 Mo. 59, 67; Jones v. Jones, 57 Mo. 138.

None of the testimony was expert, but even that sort of testimony must be weighed by a jury, and it is error to instruct them to the contrary, although they are not bound by it if it seems unreasonable. Kansas City v. Hill, 80 Mo. 523; Hull v. St. Louis, 138 Mo. 618.

The error in the instruction in respect to the mode of ascertaining plaintiff's damages likely escaped attention in the hurry of the trial, as such errors are apt to in small cases, but we are forced to reverse the judgment and remand the cause to be retried on account of it. It is so ordered. *Bland, P. J.,* and *Barclay, J.,* concur.